FRANCIS MORRISON and Another v. ST. PAUL & NORTHERN PACIFIC
RAILWAY COMPANY.[1]

December 2, 1895.

Nos. 9556—(94).

**Railroad Company — Lease of Right of Way for 999 Years — Not
a "Sale."**

The plaintiffs conveyed to the defendant by deed a right of way along the
street in front of their lots.  The deed contained the agreement "that, in case
the second party shall sell the above-mentioned right of way to any other
company, the party of the first part shall be entitled to receive one-half of
the purchase money."  The defendant leased to another company its entire
railway property, including this right of way, reserving rent payable quar-
terly, for the term of 999 years.  *Held,* construing the agreement with ref-
erence to the allegations of the answer as to the inducement and considera-
tion for the execution of the deed, and the terms and conditions of the lease,
that the latter was not a sale of the right of way, within the meaning of the
contract.

Appeal by plaintiffs from an order of the district court for Hennepin
county, Elliott, J., overruling a demurrer to the answer.  Affirmed.
*Ripley & Brennan,* for appellants.
*John H. Mitchell, Jr.,* for respondent.

START, C. J.  The plaintiffs on October 6, 1884, were the owners of
certain lots described in the complaint, fronting on a street in Minne-
apolis, and on that day they executed and delivered to the defendant
two deeds, and thereby conveyed to it, its successors and assigns, the
right to construct and perpetually maintain and operate its line of rail-
way in the street in front of the lots.  Each of the deeds contained the
following agreement:  "It is mutually understood by the above parties
that, in case the second party shall sell the above-mentioned right of
way to any other company, the party of the first part shall be entitled
to receive one-half of the purchase money."  The defendant leased its
entire line and system of railway, including the right of way along the

[1] Reported in 65 N. W. 141.

street in front of plaintiffs' lots, to the Northern Pacific Railroad Company for the term of 999 years.

The plaintiffs, claiming that the lease was a sale of the right of way in front of their lots, within the meaning of the agreement in their deeds to the defendant, brought this action for an accounting, and to recover from the defendant one-half of the amount received by it from the lessee on account of the lease to the latter of the right of way in front of the lots.

The defendant answered, admitting the execution to it of the two deeds, and the making of the lease by it, and alleged that the deeds were executed to the defendant by the plaintiffs as an inducement to secure the construction and maintenance of its line of railway to points north and in the vicinity of the plaintiffs' lots, whereby a benefit and advantage would accrue to them in the enhanced value of their lots by the location of industries in their vicinity, as a result of the construction of a line of railway along the street, and its operation in connection with the defendant's system of railroads, and that such was a part of the consideration for the execution of the deeds. The answer also alleges that the line of railway was constructed and has ever since been operated as intended by the parties, and that the lease was entered into for the purpose of securing to the defendant, for its system of railway, including the line along the street in front of the plaintiffs' lots, transcontinental connections east and west, and thereby secure the safe, economical, and profitable operation of its lines of railroad.

The answer also alleged the terms and conditions of the lease. It is unnecessary to here set them forth in detail, for they are the usual ones found in leases of railroads, and they negative any suggestion that the lease was made, instead of an absolute sale, for the purpose of defeating the agreement in plaintiffs' deeds. The lease, as set out in the answer, does not include the defendant's right to be a corporation, and by its terms was terminable at any time after the expiration of 90 days, upon default in the payment of rent, or in any of the covenants and conditions contained in the lease; and upon its termination for any cause the defendant is given the right of entry, possession, and the continuous use and enjoyment of the property, including all improvements, the same as if the lease had never been made. The plaintiffs demurred to the answer, and from an order overruling it they appealed.

The record presents only one question for our decision: Was this lease a sale of the right of way, within the meaning of the agreement in the deeds?

The term "sale," as ordinarily used, does not mean a lease, but an entire and absolute transfer of the thing sold, without reservation. The term, however, is not always used in this sense, and, in determining whether this lease was in fact a sale, the name which the parties have given to the instrument, or its form, or any particular provision it contains, disconnected from all others, is not controlling; but the intention of the parties and the legal effect of the instrument are to determine its classification. The lease in question, unless terminated by the default of the lessee in the performance of its conditions and covenants, is in legal effect a perpetual one; and if it can be collected from the instrument as a whole that the real intention of the parties was a sale of the railway property, and the form and name of the instrument were adopted for the purpose of defeating the plaintiffs' rights under the agreement in the deeds, it would be the duty of the court to construe the transfer by virtue of the lease as a sale. National Car & L. Builder v. Cyclone S. S. Plow Co., 49 Minn. 125, 51 N. W. 657.

In the case cited the defendant had agreed to pay for certain advertising when it sold its first machine, and in form and name it made a lease of the machine for 99 years, but in fact it was a sale, and so intended, and the name and form were but a device to enable the defendant to postpone the payment of its debt. The court gave effect to the transaction according to the intention of the parties, and held it to be a sale. So in the case of St. Paul & C. R. Co. v. McDonald, 34 Minn. 195, 25 N. W. 453, a transaction in name and form a mortgage was held to be a sale for the reason that the real character of the transaction was a sale of the lands described in the instrument, which the parties called a mortgage for the purpose of keeping the lands exempt from taxation.

But these cases have no analogy to the one at bar, for the allegations of the answer as to the consideration for the deeds, the intention of the parties, and the terms and conditions of the lease, are all admitted by the demurrers; and there is no ground for claiming, and it is not claimed, that the transaction between the defendant and its lessee was or was intended to be anything except an actual

and bona fide lease of its railroad property, or that the transaction was given the form of a lease, instead of an absolute sale, to defraud the plaintiffs. The plaintiffs are by the terms of their agreement entitled to one-half of the purchase price when the defendant sells the right of way, not one-half of the amount the defendant may receive for the use of the right of way, whether operated by itself or its lessee. To so construe the contract as to give the plaintiffs one-half of the amount received by the defendant for the use of the right of way would be to make a new contract for the parties, by adding to the agreement in the deeds the words, "or, in case of a lease of the right of way, one-half of the rent received."

That the transfer of the defendant's system of railway to the Northern Pacific Railroad Company was a lease, and not a sale, would seem to be quite clear. Suppose that the subject-matter of the deeds in question was two city lots, instead of the right of way in the street in front of them, and that the defendant had leased the lots for 99 or any other number of years, reserving an annual rent equal to 6 per cent. of their value; would this be a sale of the lots, within the meaning of the agreement in the deeds? If so, suppose further, that the defendant and lessor, after a time, actually sold and conveyed the lots to a third party, subject to the lease, for the full value of the lots; would not this be a sale, and the amount received the purchase price, and one-half thereof belong to the plaintiffs, under their contract in their deeds? If this last proposition is true (and it must be), what becomes of the first one,—that the lease was a sale, and the rent the purchase price? Where does the supposed case differ in principle from the one we are considering? The defendant, notwithstanding its lease, may sell its railway at any time it sees fit, subject to the lease, and thereby invest the purchaser with the right to receive the rent reserved in the lease. In case of such a transfer the subject-matter of the sale would be the railway property itself, and the purchase price a sum approximating the real value of the property as an income-bearing estate, as shown by the stipulated rent reserved in the lease.

We are of the opinion that the word "sale," as used in the deeds, cannot be construed as including the lease of the right of way in question in connection with the defendant's entire railway property; especially so in view of the allegations of the answer as to the in-

ducement and consideration for making the deeds, and the terms and conditions of the lease.

Order affirmed.

BUCK, J. (dissenting). I dissent. The defendant agreed with the grantors in the deed to pay them one-half of the proceeds in case of a sale to another railroad company,—an event which both parties evidently contemplated might probably be done at some future time. Judging from the allegations of the complaint, this right of the grantors to half the proceeds of a sale was a valuable one; but by a cunning, and that which seems to me an indefensible, proceeding, if the construction thereon placed by the majority opinion is the correct one, the defendant has accomplished indirectly, for its own benefit, what the parties intended should only be done directly, and for the equal benefit of both parties. If this is not practically and in legal effect a sale, then the defendant, by this sharp practice, has entirely defeated its power to make any sale for a period of 999 years, and thus cheated the grantors or their successors in interest out of any right or interest in the premises during all that long period of time. The practical difference between a lease for such a long time and a sale is too dim and gauzy, and should not be tolerated, because, in my opinion, it is one of those attempted multiform methods of practicing fraud under the guise of legal formality which should not receive judicial sanction. The defendant could not practically do any more to effect a sale for a period of 999 years than to make the lease which it has done, and which, in my opinion, is an unconscionable attempt upon its part to evade the provisions in the deed which required it to pay the grantors one-half of the proceeds in case of a sale to another railroad company.

"A lease is properly a conveyance of any lands or tenements in consideration of rent or other annual recompense made for life, for years, or at will." 1 Wood, Landl. & T. § 71 (75). "Independently of the idea of a contract, a lease also possesses the property of passing an interest, and thence partakes of the nature of an estate." 1 Taylor, Landl. & T. § 14. "A lease is a conveyance by the owner of an estate to another of a portion of his interest therein for a term less than his own, in consideration of a certain annual or stated rent or other recompense." Gray v. La Fayette Co., 65 Wis. 567, 27 N. W.

311.  A devise of the rents and profits of land is equivalent to a devise of the land itself, and will convey the legal as well as the beneficial interest therein.  1 Jarman, Wills, 740 (797); Thompson v. Schenck, 16 Ind. 194.  So this lease conveyed the legal as well as the beneficial interest in the premises for 999 years, and its practical effect is equivalent to a sale thereof.

In the case of Watson v. King, 73 Hun, 340, 26 N. Y. Supp. 177, the construction of a contract was under consideration which contained a provision that one-half "the avails of any sales hereafter made of the lands now unsold" should be equally divided between the parties, and it was construed by the court as including rents of the same land.  And I think that disposal by the defendant of the right of way either by technical sale or term lease entitled the grantors or their successors in interest to one-half the proceeds thereof.  I also think that any other construction imposes a great wrong upon the plaintiffs herein.