Estate of Walter Davidson, Deceased, Gordon M. Davidson and First Wisconsin Trust Company, Executors of the Estate of Walter Davidson, Deceased v. Commissioner.
Estate of Walter Davidson v. Commissioner
Docket No. 4135.
United States Tax Court
1946 Tax Ct. Memo LEXIS 273; 5 T.C.M. (CCH) 53; T.C.M. (RIA) 46022; January 31, 1946
Raymond T. Zillmer, Esq., 1412 First Wisconsin Nat. Bank Bldg., Milwaukee 2, Wis., for the petitioners. Carroll Walker, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined *274 a deficiency in the income tax of Walter Davidson, petitioners' decedent, for the calendar year 1941, in the amount of $4,715.30, resulting from the disallowance of a claimed loss on the sale of a house and lots. Findings of Fact Walter Davidson, the decedent whose income tax return for 1941 was filed with the collector of internal revenue for the Wisconsin district, purchased the house and one of the lots here involved in 1912, and the adjoining lot in 1919. He paid $15,000 for the house and lot in 1912, and subsequently paid at least $19,727.70 for extensive alterations thereon. The lot acquired in 1919 cost $5,914.80. The property was located on Highland Avenue, at one time one of the finest residential streets in Milwaukee, and Mr. Davidson and his family occupied it as their home until August 1, 1937. During these years, the character of the neighborhood deteriorated substantially. It changed from an exclusive residential district to a street occupied largely by rooming houses and fraternity houses. As a result of these developments, and the increased noise of automobile traffic in the street, Mr. Davidson purchased a large lot in Shorewood, a village just outside of Milwaukee, *275 overlooking Lake Michigan, and built there a palatial residence, the total cost of which was in excess of $150,000. When Mr. Davidson moved to this new home in 1937, his oldest son, Gordon, who was married, moved into the old home. There was no written or oral lease covering occupancy of the property. He had paid $75 per month rent for the house in which he had been living, but nothing was said, by either his father or himself, concerning rent for the Highland Avenue property. He lived there with his family for about two years, until about August of 1939, when he moved into a new house which he had built. On December 7, 1939, the father listed the house with a real estate broker for sale, but the house was not sold until February of 1941, when it was sold for $7,500, or $6,965.65 net, after payment of commissions and other adjustments. It was vacant at all times after Gordon moved from it in 1939 until its sale. During the time he occupied the house, Gordon kept up the appearance of the house and ground, paid the costs of heat and hot water, and certain small items of upkeep. His father paid the insurance premiums and taxes on the property. The decedent, Walter Davidson, never *276 owned any real estate, except that which he purchased for use as a residence. At the time of his death, his estate included no real property whatever. The loss sustained on the sale of the property in question was not incurred in a trade or business, nor in any transaction entered into for profit. Opinion KERN, Judge: The primary question before us relates to the respondent's disallowance of the entire amount of a deduction for loss claimed by the decedent resulting from the sale of real property in Milwaukee, Wis.
Petitioners contend that, although the property was occupied by the decedent as a residence for twenty-five years prior to 1937, it was in that year rented to the decedent's son, and thus devoted to incomeproducing purposes from 1937 to 1939, so that the loss sustained upon the sale in 1941 was deductible under the authority of section 23 (e) of the Internal Revenue Code, and section 19.23 (e)-1 of Regulations 103. That section of the Code reads as follows: In computing net income there shall be allowed as deductions: * * * * *
(e) Losses by Individuals. - In the case of an individual, losses sustained during the taxable year and *277 not compensated for by insurance or otherwise - (1) if incurred in trade or business; or (2) if incurred in any transaction entered into for profit, though not connected with the trade or business; * * * The pertinent provisions of the regulations are as follows: A loss on the sale of residential property purchased or constructed by the taxpayer for use as his personal residence and so used by him up to the time of the sale is not deductible. If, however, property so purchased or constructed is prior to its sale rented or otherwise appropriated to income-producing purposes and is used for such purposes up to the time of its sale, a loss from the sale of the property, computed as provided in section 111, is, subject to the limitations provided in section 117, an allowable deduction in an amount not to exceed the excess of the value of the property at the time it was appropriated to income-producing purposes (with proper adjustment for depreciation) over the amount realized from the sale. It is conceded by petitioner that there was no contract, oral or written, covering the transaction, and that no rental payments were made by or expected of the son. It is urged that the occupation *278 of the property by the son resulted in benefit to his father by reason of the expenditures made by the son for heating, and preserving the house and grounds from neglect and damage by vandals; that the benefits so resulting to the father from these expenditures and activities of the son were the equivalent of rental payments; and, further, even if no rent were paid, that the exclusive possession of the premise by the son constituted him a tenant, in a legal sense, so as to make the loss deductible. Petitioner cites a number of cases and texts as authority for the proposition that the property was "rented" to Gordon Davidson when he acquired exclusive possession of it ( Noyes v. Stillman, 24 Conn. 15, 24; Gray v. La Fayette Co., 65 Wis. 567, 569; Cross v. Upson, 17 Wis. 638, 643); regardless of the non-reservation of rent, (Tiffany, Landlord and Tenant, Vol. 1, p. 1009; Thompson on Real Property, Vol. 1, p. 447; 35 C.J. 953; Mason v. Clifford, 4 Fed. 177) and that he was a tenant at will under Wisconsin law, ( Hennesy v. Farrell, 20 Wis. 46, 47; Hancock v. Maurer, 229 Pac. (Okla.) 411). In the last above-mentioned *279 case the facts resemble those which give rise to this controversy. A mother permitted her son and his family to occupy her real estate without payment of rent or rental contract. His widow remarried, and her second husband occupied the property. He was later sued for possession on behalf of heirs of the owner, and the question whether he was a tenant at will or by sufferance became important in the determination whether the occupant was entitled to notice. Thus, the question usually arises in actions with respect to title to the property, or the relationship between the owner and the tenant, or some liability arising therefrom. But we go somewhat afield when we concern ourselves here with technical legal definitions or classifications. We have only to determine whether, under the applicable Revenue Act petitioner is entitled to the loss deduction claimed. This deduction is made to depend not on whether Gordon Davidson might be said technically to have "rented" the property although he paid no rent, or whether under state law, he was a "tenant at will", but simply on whether the decedent entered into the transaction with his son for the purpose of profit or of producing income. That *280 is the important factor to be determined. Both the statute and the regulation, by their language, make the purpose or motive of the taxpayer, coupled with his conduct, the controlling factor. In order for the loss to be deductible, he must have entered into the transaction for the purpose of producing an income, or making a profit. The facts before us do not admit of such an interpretation. We are convinced by the evidence that the decedent was not motivated by any purpose or intent of producing income or making a profit in allowing his son the use of the residence under the circumstances which existed. The loss occasioned by the later sale of the property is not, therefore, deductible. See Mertens, Law of Federal Income Taxation, § 28.78, and cases cited. We need not, in view of this decision, consider the question relating to the amount of the loss. Decision will be entered for the respondent.