Williamson vs. Neeves.

---

WILLIAMSON, Respondent, vs. NEEVES, Appellant.

*November 30, 1896 — January 12, 1897.*

*Vendor and purchaser of land: Land contract: Failure to fix time for performance: Mistake: Immaterial error: Judgment: Liability of vendee for taxes after taking possession: Equity: Evidence.*

1. Where a contract for the conveyance of land is silent as to the time when the vendee is to convey, the legal implication is that the conveyance is to be made and delivered within a reasonable

Williamson vs. Neeves.

time for that purpose, after the vendee has performed on his part so as to be entitled thereto; and if the vendor perfects his title to the land within such time he may enforce specific performance of the contract.

2. Where such a contract fixed the purchase price of the land at $27,000, and provided that the vendor should take in part payment buildings and lots amounting to $12,000 and that the vendee should pay interest from the date of the contract, a statement in a subsequent modification placing the amount of unpaid purchase money at $16,000 is *held* not to have been a mistake, it appearing that at the date of the modification about $1,000 interest had already accrued, and no mistake having been pleaded.

3. The error, if any, in requiring the vendee to execute separate notes representing the amount due on each lot is *held* to have been immaterial where, by the terms of the judgment, in case of the vendee's failure to execute the notes, the vendor was only to retain a lien on the lots for the unpaid purchase money, with the right to collect it and the interest thereon as provided by law.

4. Where a vendor surrenders possession of premises sold under a land contract, containing a covenant for a conveyance free and clear of all incumbrances when the purchase money is paid or secured, and the vendee obtains the possession and use of the premises, the latter is liable for the taxes assessed thereon after his taking possession, and cannot require a covenant in the deed to him against liens therefor.

5. The improper admission of evidence in an equity case is not a material error, if there is other evidence sufficient to sustain either the findings or the judgment.

6. The failure of findings to support the judgment is not reversible error, if it appears that the judgment in its material parts is supported and warranted by the evidence in the record.

APPEAL from a judgment of the circuit court for Milwaukee county: FRANK M. FISH, Judge. *Reversed.*

This action was brought to compel the specific performance of a certain agreement in writing, made between the parties July 22, 1891, by which the plaintiff agreed to sell and convey to the defendant a certain tract of land therein described, containing nine acres, for the sum of $27,000, and to accept, as payment therefor, all the buildings thereon for the sum of $3,000, and eight lots thereof for the sum of

$4,000, and the remainder of the purchase price was to be secured by a mortgage on said land, payable on or before five years, with interest at six per cent. per annum, payable semiannually. It was agreed that the land should be platted into lots, streets graded, sidewalks made, curb set, and put in proper condition to be sold out in lots; that, when platted, said mortgage was to be executed upon the land, except the eight lots to be conveyed to the plaintiff. On the 24th of May, 1892, differences having arisen between the parties in relation to this contract, they entered into another written agreement, which, it was stated, "is to be considered as a modification of . . . and is to be a part of said agreement" of July 22, 1891. By this agreement plaintiff was to convey said tract of land by a warranty deed executed by himself and wife, free and clear of all incumbrances, and to accept, in payment therefor, all buildings thereon for $3,000, and certain lots therein described for $9,000, the said tract of land having been platted as W. B. Neeves' Subdivision No. 2, which sums were to be deducted from the purchase price of $27,000 named in the former agreement, "leaving a balance due said *Williamson* on said premises of $16,000," to be payable as before stated, and to be secured by mortgages on the remaining lots, being fifty-six in number,— a separate mortgage to be executed upon each lot for the *pro rata* amount to be due on each lot of about $285, and to aggregate $16,000. The buildings were to be moved by the plaintiff within a reasonable time, upon the lots to be conveyed to him by the defendant, and such conveyance and said mortgages were to be executed simultaneously with the execution and delivery of the deed of the entire tract by plaintiff and wife to the defendant.

The complaint averred a tender by the plaintiff to the defendant of the stipulated conveyance, March 28, 1893, and that the defendant refused to accept the same, and convey specified lots to the plaintiff, and to execute and deliver the required mortgages to the plaintiff on the remaining lots;

and it was further averred that he was, and always had been, ready and willing to perform the agreement on his part, and judgment was prayed that the defendant convey said lots described to the plaintiff, and execute and deliver the stipulated mortgages.

The defendant, in an amended answer, admitted the execution of the agreements relied on, and alleged that he proceeded to perform the agreement on his part, had the land platted into lots and blocks, and commenced the stipulated improvements thereon, but that he was hindered and delayed by plaintiff's failure to remove the buildings therefrom; that the plaintiff failed to carry out and perform said contract, as modified, on his part; that he did not have or acquire title to said premises until March 1, 1893, and so was unable to perform the contract as provided on his part. He also alleged tender to the plaintiff, and demand for the execution of a deed of the tract of land, December 1, 1892, and that he " tendered and offered to deliver to the plaintiff all the mortgages and deeds of conveyance provided to be delivered by the defendant," but the plaintiff refused and neglected to execute and deliver said deed. He admitted that, March 28, 1893, the plaintiff tendered to him a deed of conveyance of said land, but not upon the terms and conditions, nor for the consideration, mentioned in the contracts. The defendant set up a verified counterclaim against the plaintiff for $17,600 damages for failure on his part to perform said contract, averring that the defendant had performed each and every of the conditions of said contract, until the plaintiff refused and neglected to perform, whereby the defendant was prevented from further carrying out the said contract, although he was willing and ready to do so. This counterclaim was subsequently withdrawn.

At the trial the defendant demurred to the complaint, *ore tenus*, on the ground that it did not state facts sufficient to constitute a cause of action, but his demurrer was overruled.

The bill of exceptions does not state or show that it contains all the evidence produced at the trial. The court found the allegations of the complaint to be true,— that the parties executed the written agreement of July 22, 1891; that the defendant took possession of the premises described, except the buildings thereon, and proceeded to plat the said land into streets and lots, and cause such plat to be recorded, and performed a considerable amount of grading and other work, and sold and disposed of a considerable amount of sand from said premises, receiving to his own use the proceeds of said sale; that the second agreement, modifying the first, was subsequently executed; and that, in December, 1892, the plaintiff gave the defendant an abstract of title, and he expressed himself as satisfied with the title as shown by it, and he had ever since retained the abstract; that the plaintiff had duly offered to perform all the terms of said contracts on his part, and that any delay in time in the performance of the terms thereof by him had been acquiesced in and waived by the defendant; that the defendant, in his original verified answer of February 10, 1894, alleged that he "was willing to carry out the terms of said contracts," and in and by said answer asked the court for a judgment that the plaintiff be compelled to perform the conditions of said contracts according to the terms thereof. ·

Judgment was given in favor of the plaintiff, substantially as prayed, adjudging that the sum of $16,000, with interest at six per cent. from June 1, 1892, was due the plaintiff; that, upon the execution and delivery by the plaintiff and his wife to the defendant of a warranty deed of the land contracted to be sold to him, the defendant should deliver to the plaintiff a warranty deed, conveying, free from incumbrances, the lots described in said contract, and that he execute and deliver to the plaintiff fifty-six separate notes, and purchase-money mortgages securing the same, each for $285.71, payable in five years from June 1, 1892,

with interest, etc., each of said mortgages to cover one of the fifty-six lots not conveyed by the defendant to the plaintiff, and that, within a reasonable time after the execution of said deeds, notes, and mortgages, the plaintiff remove the buildings belonging to him upon the lots so conveyed by the defendant to the plaintiff; that, in case of the refusal or neglect of the defendant to comply with said terms, then and in that event the title to said tract of land of nine acres be, and it was thereby declared to be, vested in the defendant, in the same manner as if conveyed to him by deed, saving and reserving the particular lots which were to be conveyed to the plaintiff, the title to each of which should be and remain in him in like manner as if conveyed to him by the defendant as directed; that the plaintiff have and retain a lien upon the remaining lots for said sum of $16,000 and interest, in like manner as if the defendant had executed and delivered his separate purchase-money mortgages on each of said fifty-six lots for $285.71; and that the plaintiff have the right to collect said purchase money and interest, so secured, as by law provided. The plaintiff had judgment for costs. The defendant appealed.

C. W. Briggs, for the appellant.

For the respondent there was a brief by L. Collins, attorney, and George H. Noyes, of counsel, and oral argument by Mr. Noyes.

PINNEY, J. 1. The bill of exceptions does not state or show that it contains all the evidence given at the trial. The findings of fact by the trial court, therefore, cannot be reviewed, but must be accepted as verities. The presumption is that the findings are correct. Error must be made to appear affirmatively, and the burden of showing it from the record is on the appellant. In re Meseberg's Estate, 91 Wis. 399; McDermott v. C., M. & St. P. R. Co. 91 Wis. 39, 44.

2. The complaint is quite general in its allegations, but it appears to contain all the averments essential to a complaint for specific performance.    Several objections were made to the contract of July 22, 1891, as that it was so uncertain that the court could not decree specific performance of it, for no time was fixed when the plaintiff was to convey, or when the platting, grading, laying of sidewalks, setting curb, etc., were to be done, or by whom, and that it was not specified when the mortgage should be executed.    The modification of the contract by the agreement of May 24, 1892, expressly made a part of the original contract, obviated these objections, except as to the time when the plaintiff was to convey, in respect to which the legal implication is that the conveyance was to be made and delivered within a reasonable time for that purpose after the defendant had performed on his part so as to be entitled thereto.    It was agreed that the conveyance of the lots described in the contract, by the defendant to the plaintiff, and the execution of the mortgages to him for the unpaid purchase money, were to take place simultaneously with the execution and delivery of the conveyance of the tract of nine acres to the defendant.    The general provisions of the contract show, we think, that the defendant was to plat the land and make the specified improvements.    The parties have so construed it, and acted accordingly, and both assume that position in their pleadings.    As to the work specified, the defendant was bound to perform it within a reasonable time for that purpose.    The defendant took possession of the land, and platted the ground, and to a considerable extent proceeded with the work of making the contemplated improvements so as to fit the lots for sale, and he sold sand from the premises to a very considerable amount.    When the contract was made, it appears that it was explained to the defendant that the deed of the land to the plaintiff had been deposited in escrow with a third party, awaiting performance of some

condition of the plaintiff's purchase before it could be delivered, but which he might at any time perform, and that the defendant expressed himself satisfied with the situation. The plaintiff obtained the legal title, it would seem, in December, 1892,— at all events, several months before this action was commenced. This was in time to enable him to perform on his part, and entitle him to specific performance. *Gates v. Parmly*, 93 Wis. 294.

3. Almost if not the entire controversy between the parties seems to have been in relation to the accrued interest upon the unpaid purchase money, as stipulated in the contract as modified, from June 1, 1892. The contract that the defendant should pay interest from that date is clear and explicit. He was willing, it seems, to pay it, if the plaintiff would take lots in Milwaukee or elsewhere, but attempts to settle it in that manner failed, the defendant declaring that he would not pay it in money. It was suggested, also, that some mistake had intervened in the agreement modifying the original contract, by which the balance of the purchase money due to the plaintiff was stated at $16,000, instead of $15,000, which latter sum is the amount that would remain, after deducting the price of the buildings and of the lots which the plaintiff was to have, amounting to $12,000, from the purchase price of the land, of $27,000. As a matter of computation this would seem to be true, but it appears that about $1,000 had then accrued for interest on unpaid purchase money, from the date of the original contract, according to its terms, and the agreement of May 24, 1892, was made to settle and adjust existing differences between the parties. Besides, there is no claim in the answer that any such mistake occurred, and there is nothing in the evidence tending to show that the defendant either supposed or claimed that any such mistake had been made. We must hold that the unpaid balance of purchase money was correctly stated in the agreement of May 24, 1892, at $16,000.

4. The point that evidence objected to by the defendant was improperly admitted cannot be sustained. There was sufficient competent evidence appearing in the record to justify the findings, if the evidence objected to had been excluded. This is an equity case, and the admission of improper evidence will not constitute error, if there is other evidence sufficient to sustain either the findings or the judgment.

5. Objection is made to the judgment that it requires the defendant to execute fifty-six notes of $285.71 each, to be secured by separate mortgages on each of the fifty-six lots to be retained by the defendant, while the contract did not require such notes to be given. This error, if any, is a harmless one, for, if the defendant neglects or refuses to give the notes and the mortgages, by the terms of the judgment the plaintiff is only to have and retain a lien on the said fifty-six lots for the unpaid purchase money,—that is to say, $285.71 on each of said lots, with "the right to collect the balance of said purchase money, and interest thereon, so secured, as by law provided." It lies wholly with the defendant to give, or refuse to give, the notes. If he refuses to give them, the debt and accruing interest remains a charge on the lots. Of this he cannot be heard to complain.

6. A finding, made at the defendant's request, is to the effect that "at all times since the making of the contract of May 24, 1892, there had been, and are now, existing against said premises, outstanding liens for unpaid taxes for the years 1891, 1892, 1893, and 1894, which amount to about $1,000." All these taxes appear to have been levied and charged against the tract of land sold by the plaintiff to the defendant, and became incumbrances thereon after such sale, and after the defendant had been let into possession. The contract made no provision as to whether the vendor or the vendee should pay the taxes accruing prior to the execution of the conveyance, nor are we aware of any statutory provision applicable to such a case.

After the execution of the contract, the vendee must be regarded as the real owner of the property, though not the holder of the legal title,— the vendor holding the legal title in trust for the vendee, subject to the payment of the purchase money; and, as between the parties, the latter is regarded as a mortgagor, and the vendor as the mortgagee, of the premises for the amount due for the purchase money. The contract of May 24, 1892, must be regarded as a modification of, and relates back to, and by its terms forms a part of, the contract of July 22, 1891, under which the defendant obtained possession, before the agreement of May 24, 1892, was executed. The law appears to be well settled that, where a vendor surrenders possession of the premises sold, and the vendee obtains possession and the use, and the vendor covenants to execute a conveyance or warranty deed, free and clear of all incumbrances, when the purchase money is paid or secured, the vendee is liable for the taxes assessed upon such premises after his taking possession under the contract, and he cannot require a covenant in the deed to him against a lien for such taxes. *Miller v. Corey,* 15 Iowa, 166; *Light v. West,* 42 Iowa, 138; *Meyer v. Dubuque Co.* 49 Iowa, 195; *Spangler v. York Co.* 13 Pa. St. 32; *Farber v. Purdy,* 69 Mo. 601; *Cole Mfg. Co. v. Jenkins,* 47 Mo. App. 664; *Brown v. Brown,* 124 Mo. 85; *Willard v. Blount,* 11 Ired. Law, 624. It is found that the defendant, after the making of the agreement of July 22, 1891, took possession of the premises, except the buildings, which had not been removed at the time of the trial; the defendant having acquiesced in the buildings thus remaining. The purchase price of the buildings was $3,000; the lots, part of the tract, which were to be conveyed to the plaintiff, were valued at $9,000; and the plaintiff continued to lease the buildings and receive rents therefor, as he testifies, to quite an amount. The purchase price of the entire premises and accrued interest, as adjusted by the contract.

of May 24, 1892, was $28,000, showing that it would be equitable, under the circumstances, as a condition of specific performance, that the parties should pay and discharge the tax liens mentioned in the finding, — the plaintiff three sevenths thereof, and the defendant four sevenths,— and that the judgment of the circuit court should so require, and secure payment thereof by its judgment accordingly.

7. With the exception above stated, the findings support the judgment, and, if they failed to do so, this would not constitute reversible error, if it appeared, as in this case we think it does, from the evidence in the record, that the judgment in its material parts, except as above qualified, is supported and warranted by the evidence. *Wilkinson v. Wilkinson*, 59 Wis. 557.; *Jones v. Jones*, 71 Wis. 520; *Sanford v. McCreedy*, 28 Wis. 103.

For these reasons, the judgment of the circuit court must be reversed, and the cause remanded to the circuit court, to ascertain the amount of the said tax liens, and to render judgment as before, but requiring the payment of the amount due on said tax liens, and securing the payment thereof, in accordance with the opinion of this court. No costs will be allowed on this appeal, but the respondent is to pay the fees of the clerk of this court.

*By the Court.*— Judgment is ordered accordingly.