DOUGLAS COUNTY AGRICULTURAL SOCIETY, Appellant, vs. DOUG-
LAS COUNTY, Respondent.

*October 20 — November 7, 1899.*

*Taxation: Exemption: Land leased for fair grounds.*

1. Statutes exempting property from taxation, if open to construction,
   should be construed strictly against the exemption.
2. Subd. 4, sec. 1038, Stats. 1898 (exempting from taxation lands "owned."
   and used by any county agricultural society exclusively for fair
   grounds), and subd. 17 (exempting "property of" any industrial or
   agricultural fair corporation, used exclusively for such exhibitions,
   not exceeding eighty acres of land), were not intended to exempt
   from taxation mere leased lands.

APPEAL from an order of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Affirmed.*

Action to quiet title. The complaint states, in substance,
that plaintiff is a county agricultural society duly incorpo-
rated under the laws of this state, and as such is and has
been since January 1, 1894, in possession of certain lands
described, using the same exclusively for fair grounds under
a lease for that purpose from the owner, expiring January 1,
1899, requiring an annual payment of one dollar and the
taxes assessed on the lands to the owner as rent; that dur-
ing each of such years taxes have been assessed on the prop-
erty; that plaintiff has not paid the same, and that such
proceedings have been taken under the statutes governing
such matters that a tax certificate is outstanding, issued by
the county treasurer of Douglas county, Wisconsin, on a sale
of the lands for delinquent taxes for each such year, upon
which certificates deeds will be taken unless the court inter-
venes and prevents it; that the defendant claims some in-
terest in the lands by reason of the tax liens. The prayer
for judgment is that the taxes be declared void and the title
of plaintiff in or to the lands be quieted as against the de-
fendant.

The defendant demurred to the complaint for want of facts sufficient to state a cause of action. The demurrer was sustained and plaintiff appealed. ·

For the appellant there were briefs by *Reed & Reed,* and oral argument by *Myron Reed.*

For the respondent there was a brief by *Isaac Ross,* district attorney, and *W. M. Steele* and *M. S. Bright,* of counsel, and oral argument by *Mr. Steele.* To the point that lands held under a lease are not the "property of" or "owned by" the fair association, they cited *Ohio & M. R. Co. v. Barker,* 125 Ill. 303; *Montgomery v. Wyman,* 130 Ill. 17; 25 Am. & Eng. Ency. of Law, 165, and cases in note; *Hennepin Co. v. Bell,* 43 Minn. 344; *Travelers' Ins. Co. v. Kent,* 151 Ind. 349; *Armand v. Dumas,* 28 La. Ann. 403; *Laurent v. Muscatine,* 59 Iowa, 404; *Kittanning Academy v. Kittanning,* 8 Pa. Super. Ct. 27; *Gray v. La Fayette Co.* 65 Wis. 567; *Katzer v. Milwaukee,* 104 Wis. 16; *Black v. Brooklyn,* 51 Hun, 581.

MARSHALL, J. This action was instituted on the theory that plaintiff's lease did not obligate it to pay any sum on account of taxes, except such as might be lawfully assessed on the leased premises, and that the property was not liable to taxation while occupied and used by plaintiff, because subd. 4, sec. 1038, Stats. 1898, exempts from taxation lands owned and used by any county agricultural society exclusively for fair grounds, and subd. 17 of the same section exempts from taxation land of such a corporation used exclusively for agricultural and industrial fairs and exhibitions, not exceeding eighty acres.

The question turns on the meaning of the word "owner" and the words "property of" used in the exemption statutes referred to. That is ruled by the recent decision of this court in *Katzer v Milwaukee, ante,* p. 16. The question there involved the meaning of the word "owner" in subd. 3 of the

Douglas County Agricultural Society vs. Douglas County.

same section, exempting from taxation "real property *owned*
by any religious association, necessary for the location and
convenience of the buildings of such association and embrac-
ing the same, used exclusively for the purposes of such as-
sociation." The words under consideration here were used
in the same sense precisely as the similar expression in
subd. 3. That is evident. The court held in the *Katzer Case*
that the word "owner" must be deemed to have been used
in its ordinary sense, calling for proprietorship of the title to
the property, not a mere right or privilege to use it. True,
such word has often been construed so as to be satisfied by
less than possession of the legal title. Such lesser signifi-
cance is doubtless within its reasonable meaning, and may
be adopted in a proper case; but in a tax exemption statute
words cannot be bent from their ordinary meaning to favor
the exemption, in the absence of a legislative intent, clearly
manifest, pointing that way. The universal rule is, as stated
in the *Katzer Case,* that a statute conferring special privi-
leges in respect to taxation, which is open to construction,
should be read most favorably against the privilege. The
application of that rule to the complaint here leaves no room
for doubt but that the statute relied on by appellant was not
intended to exempt from taxation mere leased lands. That
was the decision of the trial court. It must be affirmed.

*By the Court.*— So ordered.