RITCHIE, Respondent, vs. CITY OF GREEN BAY and others, Appellants.

*March 5—June 5, 1934.*

*Thos. C. Dwyer* of Green Bay, for the appellants.

For the respondent there was a brief by *Strehlow & Cranston* of Green Bay, and oral argument by *Lee H. Cranston.*

The following opinion was filed April 3, 1934:

WICKHEM, J. At the time of the assessment of the tax the property involved was held by Green Bay Lodge No. 359, Loyal Order of Moose, under a land contract, and the question presented is whether the interest of the lodge as such vendee constituted it an "owner" under sec. 70.11 (4), Stats., which reads as follows:

"(4) Personal property owned by any . . . benevolent association, . . . fraternal societies, orders or associations operating under the lodge system, . . . and the real property necessary for the location and convenience of the buildings of such institution or association and embracing the same, not exceeding ten acres, . . ." is exempt from taxation.

The lodge purchased the property under land contract February 16, 1924. Judgment of foreclosure against the lodge was entered November 25, 1930, the redemption period expiring on January 18, 1931, at which date the vendors came into complete and unconditional ownership.

The question involved in this case is very narrow. Is the term "owner" as used in sec. 70.11 (4) broad enough to include the vendee under a land contract which is actually using the land for purposes that would entitle it to exemption if it is properly to be considered the owner of the property? At the outset it may be stated that there is no authority in this state directly upon this point. Hence the problem is to be solved by the application of such principles as have heretofore been laid down with respect to the subject. Statutes conferring tax exemptions are to be

strictly construed against the person claiming the exemption. *Douglas County Agr. Soc. v. Douglas County,* 104 Wis. 429, 80 N. W. 740; *Katzer v. Milwaukee,* 104 Wis. 16, 80 N. W. 41; *Merrill R. & L. Co. v. Merrill,* 119 Wis. 249, 96 N. W. 686. In the latter case it is said:

"It has been held in this state that statutes exempting property from the general rule of taxation are to be construed with the utmost strictness, and that, as so construed, the word 'owned,' in statutes describing exempt property, must receive its most limited meaning, and be satisfied only by complete and entire ownership, or at least not by leasehold title."

It will be noticed that the court, in the *Merrill Case,* qualified its statement that the word "owner" is to be taken to mean complete and entire ownership, by stating that at least it does not include a leasehold interest or title. That case involved a leasehold title, which accounts for the caution of the court.

In *Katzer v. Milwaukee,* 104 Wis. 16, 80 N. W. 41, the Catholic archbishop of the diocese of Milwaukee claimed exemption for certain property, the title to which was in him individually, but which under the laws of the Catholic church he held for the use and benefit of the archdiocese. The court held that the absolute character of his individual ownership precluded any conclusion that there was a valid trust in favor of any legal person entitled to exemption. Upon rehearing the court deliberately stated that it did not decide whether, had there been sufficient proof that the property was held for a *cestui* entitled to exemption, a different result would have been reached. The court proceeds to state:

"If such equitable title be provable at all, the latter question might well turn on whether, by the terms of the trust, the control over the use and title of the property was sufficiently complete to constitute practical ownership by the as-

sociation, or was so restricted as to leave such practical ownership in the holder of the legal title." ¸ ̣

, In *City of Milwaukee v. Milwaukee County,* 95 Wis. 424, 69 N. W. 819, the city of Milwaukee entered into possession of certain land for park purposes under a contract which this court held to be an option to purchase without any liability on the part of the city to make future payments in lieu of which they could abandon the premises. It was claimed that the property should·be exempt·on the ground that it was owned exclusively by the city. The court said:

"The legal title was in the vendors, and the city simply had an option to purchase with the right to possession until default. It was not bound to pay the·purchase money. Under. these circumstances, we are unable; to see how the land could be considered either as owned exclusiyely ̦ by the city or leased by the city. The principle that the vendee in possession of land under a contract of purchase which binds him to pay the purchase money is the equitable owner, and, in the absence of express agreement, must pay the taxes (*Williamson v. Neeves,* 94 Wis. 656,. 69 N. W. 806), has no application for the reason that the city is not holding the land under a contract to purchase. The city may choose to acquire the title by paying the sums named in the contract, or it may choose to cease· paying, and·forfeit ·its option. It now has·possession under an option, but·it has no· lease, and certainly has no title, much less an exclusive title.";.

The cases above referred to are.the only cases heretofore decided that even remotely deal with the question under consideration here. In the *Merrill Case* the. scope of· the rule calling for. strict construction·of statutes exempting·property from taxation·is stated, but·the court carefully; limits ;the application of the rule to the facts involved in that case.· In the *Katzer Case* it is intimated that a *cestui,* in cases where its control over the use and title of the property was ̦sufficiently complete to constitute practical ownership, might be treated as owner for purposes of exemption. In the *City of Milwaukee Case* it is rather strongly intimated that a vendee

in possession under a contract of purchase which binds him to pay the purchase-money is the equitable owner, and entitled to exemption so far as that prerequisite is concerned. In *Williamson v. Neeves*, 94 Wis. 656, 69 N. W. 806, the court, referring to a vendee under a land contract, said:

"After the execution of the contract, the vendee must be regarded as the real owner of the property, though not the holder of the legal title,—the vendor holding the legal title in trust for the vendee, subject to the payment of the purchase money; and, as between the parties, the latter is regarded as a mortgagor, and the vendor as the mortgagee, of the premises for the amount due for the purchase money."

See also *Martin v. Scofield*, 41 Wis. 167; *Krakow v. Wille*, 125 Wis. 284, 103 N. W. 1121.

While the matter is not free from difficulty, it is our conclusion that the vendee in possession under a land contract that obligates it to pay the purchase-money is an owner within the meaning of the exemption statute. Such a contract clearly contemplates that the vendee shall eventually acquire the legal title, and gives it the right by continuing its payments ultimately to demand such title from the vendor. The retention of the title by the vendor is merely a security device. The vendee assumes all of the burdens of ownership, including the duty, as between it and the vendor, of paying taxes. While statutes exempting property from taxation are to be strictly construed, "strict construction does not mean that we are not to search for and ascertain, if possible, the true meaning of the language used in the statute." *St. John's Military Academy v. Edwards*, 143 Wis. 551, 128 N. W. 113.

In view of the fact that the vendee is the owner of the land for all practical purposes, it is concluded that it is the owner within the meaning of sec. 70.11 (4), Stats., and that such a conclusion does not involve a violation of the rule requiring a strict construction of the statute.

It is further contended in this case that the vendee was in default, and that this is a material fact in determining its right to exemption. By the pleadings plaintiff alleged that the Moose Lodge became in default prior to October 17, 1930, on which date a foreclosure was commenced, and that a judgment of strict foreclosure was entered on November 20, 1930. Defendants denied knowledge or information sufficient to form a belief as to the truth of these allegations. The matter being thus in issue, the action was thereafter tried upon a stipulation of facts, which contains no mention of the default or its extent. The matter is not dealt with by the findings of fact, nor is there any bill of exceptions. Under these circumstances we do not consider that the question sought to be raised is presented on the record. Certainly the mere fact of default on the part of the vendee and the commencement of an action to foreclose upon the part of the vendor offers no proof that the vendee had lost his equity of redemption. Nor does the fact that a judgment of strict foreclosure was entered tend to prove more than that the vendee did not exercise this right within the time limited by the judgment. See *Oconto Company v. Bacon,* 181 Wis. 538, 195 N. W. 412. Furthermore, the default is alleged to have occurred sometime prior to October 17, 1930. Whatever effect the default may have had, the allegation is not sufficiently definite as to date to affect the status of the vendee with respect to taxes assessed in 1929 and 1930.

The foregoing conclusions compel an affirmance of the judgment.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 5, 1934.