SCHRADER, Plaintiff, vs. OTTO and wife, Defendants and Appellants: PETERSON, Defendant and Respondent: LINCOLN COUNTY, Impleaded Defendant.

*September 10—October 7, 1941.*

The cause was submitted for the appellants on the brief of *O'Melia & Kaye* of Rhinelander, and for the respondent Gust Peterson on the brief of *Schmitt & Dickerson* of Merrill, and for the impleaded defendant Lincoln county on that of *Donald E. Schnabel,* district attorney.

FRITZ, J.    The issues as to the validity of the four tax certificates, which Lincoln county had issued against the land on June 9, 1931, June 14, 1932, and August 1, 1933, and assigned to Gust Peterson, arose principally under allegations in the cross complaint of the appellants, Leonard and Alice Otto, upon which they sought to have the certificates declared void, and Peterson's denials and allegations in his answer and cross complaint.    Appellants contend (1) that the tax certificates are void by reason of a sale of the land covered thereby at a bankruptcy sale approved in 1936 of all assets of the Tomahawk Pulp & Paper Company free and clear of incumbrances, including taxes; and also (2) that the certificates are void is *res adjudicata* by reason of a judgment, which was entered in an action brought in March, 1938, by Leonard and Alice Otto

against Gust Peterson, *et al.,* and which provided that certain tax deeds conveying the land were invalid. In relation to those contentions the court found herein that in 1927 the Tomahawk Pulp & Paper Company sold the land by a land contract to the defendants Otto, who agreed to pay all taxes and were thereafter in possession of the land; and that in the bankruptcy sale of the Tomahawk Pulp & Paper Company's assets, which was to be made "free and clear of all incumbrances, including taxes," there was sold but the interest which the bankrupt had under its land contract with the Ottos, and that interest was ultimately acquired by Paul J. Schrader. The court found further that upon the Ottos' failure to pay the taxes for the years 1927, 1928, and 1929, tax deeds were issued to Lincoln county in 1932, 1933, and 1934, respectively, and because of their failure to pay, as they had contracted to do, their taxes for the years 1930, 1931, and 1932, the four tax certificates in question were issued to Lincoln county in 1931, 1932, and 1933, respectively; that Lincoln county in November, 1937, transferred its title under the three tax deeds to Peterson by quitclaim deeds, and also assigned to him the tax certificates issued in 1931, 1932, and 1933; that the former action commenced by the Ottos in March, 1938, against Peterson was to set aside and have declared void solely the tax deeds issued in 1932, 1933, and 1934; and that the legality of the tax certificates, issued in 1931, 1932, and 1933, was not in issue and was not litigated or adjudicated in that action. On this appeal, the facts thus found by the court must be accepted as verities in the absence of any bill of exceptions.

In view of facts so found by the court, its conclusion of law and adjudication that the four tax certificates issued in 1931, 1932, and 1933 and held by Gust Peterson are valid and enforceable tax liens must be affirmed. The bankruptcy sale, approved in 1936, of the Tomahawk Pulp & Paper Company's vendor's interest under its land contract made in 1927 with the

Ottos, free and clear of incumbrances or tax liens on its assets could not affect or operate to wipe out or discharge the existing tax liens on the land by reason of the outstanding tax certificates. The Ottos, as the vendees in possession of the land under a land contract which bound them to pay the purchase money, were the equitable owners and as such bound to pay the taxes. *Williamson v. Neeves,* 94 Wis. 656, 69 N. W. 806; *Ritchie v. Green Bay,* 215 Wis. 433, 254 N. W. 113. Moreover under and by virtue of the terms of the land contract, the Ottos expressly agreed to pay the taxes and they were assessed in their name. Under the circumstances which existed when the taxes were levied, the bankruptcy sale of the vendor's assets free and clear of taxes thereon could not affect the taxes levied against this land after it was sold under the land contract to the Ottos who had agreed to pay the taxes.

On the other hand, the judgment in the former action in which the court decreed the cancellation of the three tax deeds issued on other certificates is not *res adjudicata* or a bar to granting relief to Peterson on the four later tax certificates involved herein because, as Judge SEVERSON said in his written decision, the court in the former action "dealt with the three tax deeds only as the record discloses and did not adjudicate or determine any issues which are presented under these tax certificates, hence the judgment in that case is not *res adjudicata* in this." That Peterson's rights under the later tax certificates were not intended to be affected by the former judgment appears, as Judge SEVERSON said, from the facts that—

"The judgment in that action decreed that the three tax deeds herein referred to be set aside and canceled, but made as a condition of said relief that the plaintiffs in that action, Leonard Otto and his wife, pay the taxes on which said tax deeds were issued amounting in all to the sum of $452.53. This figure was reduced to the sum of $305.26 because of the fact that there was some rent of these premises due to the defendant, Otto, which he was then given credit for. The total amount then due for unpaid taxes which was embraced by the

certificates here in question, as well as the three tax deeds, amounted to the sum of $1,438.88. Deducting the sum of $452.53 from this amount would leave $986.35 unpaid taxes as represented by these tax certificates."

Inasmuch as the former action was not an action of ejectment, there is inapplicable herein the court's statement in *Bell v. Peterson,* 105 Wis. 607, 612, 81 N. W. 279, in relation to the effect (under statutes then under consideration) of a judgment for plaintiff in ejectment upon the right of a defendant, on being beaten on one tax deed, to be given a new trial as to the validity of new tax deeds upon certificates held by him. Likewise, the bar prescribed by sec. 75.52, Stats., is inapplicable herein, because, under its provisions, that section relates back to sec. 75.39, and applies to actions brought thereunder by a grantee under a tax deed within three years from its date for the purpose of barring former owners.

*By the Court.*—Judgment affirmed.