FIRST WISCONSIN TRUST COMPANY, Trustee, Respondent, vs. DEPARTMENT OF TAXATION, Appellant.

*October 18—November 20, 1945.*

For the appellant there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

*Leo J. Federer* of Milwaukee, for the respondent.

FRITZ, J.   For the consideration of the issues involved on this appeal it suffices to note the following.   In the will of Mary E. Sawyer, she provided that after the payment of her debts, expenses of last illness, and certain small bequests,—

"Third.   All the rest of my estate, both real and personal, I give, devise, and bequeath to the First Wisconsin Trust Company, a corporation, of Milwaukee, Wisconsin, and Andrew Lees of La Crosse, Wisconsin, in trust for the following purposes:

"I will and direct that my trustees are to pay to my brother, Frank F. LaRowe, the sum of five thousand dollars ($5,000) per year, said income to be paid semiannually or oftener as may be most convenient during the life of my said brother, Frank F. LaRowe.

"Fourth. Upon the death of my said brother, Frank F. LaRowe, I will and direct that said trust be terminated and that the remainder of my estate be distributed by my said trustees or their successors in trust, as follows:

"All the rest, residue and remainder of my estate, real, personal, and mixed, wherever situated, of which I may die seized or possessed, I give, devise and bequeath to the city of La Crosse, Wisconsin, for the purpose of erecting a suitable community building and auditorium for said city of La Crosse, to be known as the 'Mary E. Sawyer Auditorium.' . . ."

In the year 1942 the net income of the trust estate received by the trustees was $26,765.52, of which the sum of $4,619.82 was exempt from income taxation because it was received either as interest on United States government bonds or as dividends paid by Wisconsin corporations. After the deduction of such tax-exempt interest and dividends, and the expenses of the trust in 1942, and also the sum of $5,000, which the will directed the trustees to pay annually to the testatrix's brother, Frank F. LaRowe, there was left of the $26,765.52 net taxable income received by the trustees in 1942 the sum of $18,731.44. For this amount the trustees took a deduction in making their return as to the 1942 income; and as to this deduction they claimed it "was not taxable to the trust because it was distributable to the city of La Crosse, which as a municipal corporation of this state is an exempt recipient of income under sec. 71.05 (1) (f), Wis. Stats. 1943." Upon auditing the trustees' tax return, the assessor of incomes considered the $18,731.44 taxable to the trust as "nondistributable, or contingently distributable income not distributed" during 1942; and notice of his additional assessment therefor was given to the trustees. They petitioned for abatement

of the taxes thereon, and, upon the denial thereof by the assessor the trustees appealed to the Wisconsin board of tax appeals, which by its decision and order affirmed the additional assessment; and that order was reversed by the circuit court judgment which is under review on this appeal.

Under the Income Tax Act, ch. 71, Stats., all taxable net income realized during a particular tax year is subject to taxation in the hands of the party who receives and is entitled to retain it during that year; and said sum of $18,731.44, which was left in 1942, in the possession of the trustees, as the excess of the net income obtained by them in that year, was taxable under the Income Tax Act unless that amount is income which is exempted from such taxation by reason of the provision in sec. 71.05, Stats., that,—

"(1) There *shall be exempt* from taxation under this chapter income as follows, to wit: . . .

"(f) Income *received by* the United States, the state and all counties, *cities,* villages, school districts or other political units of this state."

This language is plain and unambiguous. It is obvious that the exemption created thereby can be considered applicable and operative only if,—and then in only the year in which,— the income is *received by* the city.

The sum of $18,731.44 involved in this case was received by the trustees in 1942, but it was not received in fact by the city of La Crosse in that year. The trustees were the only recipients thereof in 1942; and the only authorized distribution thereof by them to the city is the distribution directed by the provision in the will that,—

"Upon the death of my said brother, Frank F. LaRowe, I will and direct that said trust be terminated and that the remainder of my estate *be distributed* by my said trustees or their successors in trust, as follows:

"All the rest, residue and remainder of my estate, real, personal, and mixed, wherever situated, of which I may die

seized or possessed, I give, devise and bequeath to the city of La Crosse, Wisconsin, for the purpose of erecting a suitable community building and auditorium. . . ."

In view of that provision no payment or distribution could lawfully be made by the trustees to the city during 1942, nor was it then entitled to the receipt or distribution of any of the 1942 income. There can be no such payment or distribution until there occurs the termination of the trust upon the death of LaRowe, and there is then made the directed distribution to the city of the remainder of the estate.

Under sec. 71.095 (3), Stats. 1941 and 1943, the trustees are required to,—

*"annually make* a *return* of *all income received* by them as such . . . *showing* the total *taxable income received by them* during the year, the *names* and addresses of *distributees* and the *amounts* severally *distributable to them whether distributed or not,* and *also* the *amounts to be accumulated by them* for unknown or unborn or undisclosed beneficiaries *or for other reasons."*

And in that sub. (3) it is provided also that,—

*"Distributees who receive* or *who are entitled to receive* any part of such net income *shall return* the *same as income* to the assessor of incomes in the district in which they respectively reside, together with all other income received by them and *shall be assessed thereon* as provided by this chapter."

Furthermore in sub. (4) of sec. 71.095, Stats., it is provided that,—

"All *nondistributable,* or *contingently distributable* income *not distributed shall be assessed to* the *trustee* in the same manner as income of persons other than corporations is assessed, except that the personal exemptions under section 71.05 (2) shall not be allowed to such trustee."

The evident intention and purpose of this last provision in relation to "all nondistributable, or contingently distributable

income not distributed" was to make assessable to a trustee, who receives taxable income during a tax year, all of such income as is not assessable and taxable under the provision in sub. (3), last quoted above, to beneficiaries, because it was not received during that year by them as the distributees thereof, and they had not as yet become entitled to receive it. Thus, on the one hand, the statutes expressly provide, as to "distributees" who receive or are entitled to receive in a tax year income from a trust estate, that they shall show in their return the amount they received by way of distributions as their own income, and the statute subjects them to the income tax thereon in the year they receive or are entitled to receive such distribution. And, on the other hand, the statutes likewise provide that there shall be assessed to a trustee that part of the taxable net income of the trust which is not distributable, or is contingently distributable but is not distributed to the beneficiary during the tax year; and such nondistributable or contingently distributable income the trustee is required to show in his return, and in respect to income so required to be shown and the taxes assessed thereon against the trustee, it is provided in sub. (5) of sec. 71.095, Stats., that—

"Every person, who as a *fiduciary* under the provisions of this chapter *pays* an income tax, *shall have* all the *rights* and remedies *of reimbursement* for *any taxes assessed against him or paid by him in such capacity,* as is provided in subsections (1) and (2) of section 70.19."

Consequently, in view of those provisions in subs. (3), (4), and (5) of sec. 71.095, Stats., it is evident that taxable income from trust assets, which, under the terms of the trust, is nondistributable until the termination thereof and is assessable and taxable under sec. 71.095 (4) to the trustee in the year it is received by him.

Likewise, in view of the statutes above quoted, there cannot be sustained the trustees' contention that the provisions

imposing the tax on the trustee should be considered inapplicable to the income in question herein because the amount thereof, in excess of the $5,000 required to pay the annuity to LaRowe, was so large in 1942, and is apt to continue to be so large, that it is improbable that the income in each future year will ever be insufficient to annually pay that annuity. There is no provision in the statutes because of which any such favorable financial condition can be deemed to render the exemption under sec. 71.05 (1) (f), Stats., applicable to such taxable income in any year in which the city does not actually receive or become entitled to the distribution thereof. To attempt to construe the statute so as to allow the exemption because of the presently excellent financial condition would disregard the rule that, "Statutes conferring tax exemptions are to be strictly construed against the person claiming the exemption." *Ritchie v. Green Bay,* 215 Wis. 433, 434, 254 N. W. 113. Moreover, even though it may be probable,—it presently is not certain that the accumulating excess income or the trust assets will be received ultimately, upon the termination of the trust, by the city. It can and might refuse to accept the same, as the city of Stevens Point did upon the termination of the trust involved in *Estate of Mitchell,* 239 Wis. 498, 1 N. W. (2d) 149.

As the issues herein arise and must be determined under the provisions in ch. 71, Stats., in relation to the assessment and levy of income taxes and allowance of exemptions therefrom, there are not in point decisions under the provision in sec. 162 (a), Internal Revenue Code (53 U. S. Stats. at L. p. 66, 26 USCA, sec. 162) that a *trustee shall not be taxed* for income received by it which, *although not distributed to* the *beneficiary during the tax year, "is during the taxable year* paid or *permanently set aside"* for charitable, etc., purposes. In ch. 71, Wis. Stats., there is no such provision, or any provision to the effect that a trustee shall not be taxed for income received by it when such income is "permanently set aside"

under the circumstances and for the purpose stated in said sec. 162. Consequently there are not applicable herein the decisions in federal cases in relation to that provision in the federal statute.

Neither can the income in question be considered exempt on the theory that the trustees were agents or representatives of the city and that therefore receipt of the income by them as such agents or representatives constituted the receipt thereof by the city. Obviously their capacity or status was solely that of trustees under the will and by virtue thereof they, as such trustees, have the trust assets and receive the income thereon solely for the purpose of paying therefrom $5,000 annually to LaRowe until the termination of the trust upon his death. Until then there can be no authorized or lawful distribution or payment of any of the trust income or assets to the city of La Crosse or to any party whatever as the agent or representative of the city.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment affirming the order of the Wisconsin board of tax appeals, which affirmed the additional assessment.