# RICHARD E. AND PEGGIE A. FOY *v.* COMMISSION

Robert D. Heffernan, Jr., Heffernan & Ford, Medford, Oregon, represented plaintiffs.

Carl N. Byers, Assistant Attorney General, represented defendant.

Decision for plaintiffs rendered October 30, 1968.

EDWARD H. HOWELL, Judge.

The plaintiffs, contract purchasers of 41 acres of farm land in Jackson County, applied to the Jackson

County Assessor for special assessment of their farm property for the tax year 1967-68 under the provisions of ORS 308.370 and 308.375, which provide for special assessment of unzoned farm lands. The assessor refused to grant the special assessment and plaintiffs appealed to the tax commission. The commission, while holding that plaintiffs were bona fide farmers, rejected their application for special assessment on the ground that only fee owners of farm property, not contract purchasers, are entitled to receive the special assessment.

The parties have stipulated that the sole issue is whether a purchaser of farm land under an executory contract is an "owner of farm land" within the meaning of ORS 308.375.

Subsection (2) of ORS 308.370 provides that any land not within a farm use zone but which is being and has been used exclusively for farm use shall, upon compliance with ORS 308.375, be assessed at its true cash value for farm use and not at its true cash value for other than farm use. ORS 308.375 requires that "*any owner*" of farm land entitled to the special assessment must make timely application for the special assessment. The controversy centers around the meaning of the words "any owner."

■ As a general rule under an executory contract of sale and purchase the vendee is treated as the owner of the land. *Reynolds Aluminum v. Multnomah Co.*, 206 Or 602, 287 P2d 921 (1955); *cert denied,* 350 US 970, 76 S Ct 437, 100 Led 842 (1956). In *Harder et ux v. City of Springfield, et al*, 192 Or 676, 236 P2d 432 (1951), the Supreme Court held that vendees in possession of land under an executory contract to purchase were "property owners benefited" within the meaning of a city ordinance.

In *Ritchie v. Green Bay,* 215 Wis 433, 254 NW 113 (1934), the Supreme Court of Wisconsin held that a fraternal society in possession of land under an executory contract to purchase comes within a statutory exemption for real property owned by such a society. See Annotation at 95 ALR 1085.

To support the denial of the special assessment the commission relies on the case of *First EUB Church v. Commission,* 1 OTR 249, decided by this court in 1963. That case is not authority for the issue in this case. There the tax court, following the recognized principle of strict but reasonable construction of exemption statutes, held that church property, the legal title to which was held by certain trustees, was not "property owned * * * by religious organizations" within the meaning of ORS 307.140(1).[1]

In the *EUB Church* case the court was dealing with a specific and total tax exemption granted to property belonging to religious organizations. Here, while the special assessment of qualified farm lands might be similar to an exemption, it does not provide for the total exemption of farm lands. ORS 308.370(2) merely requires that land used exclusively for farm use be assessed at its true cash value for farm use, and ORS 308.395 provides for the collection of additional taxes if the land loses its qualification for the farm use assessment.

The defendant commission argues also that ORS 308.395, providing for the assessment and collection of the deferred tax for five years past if the land becomes disqualified for special assessment as farm use land would amount to a lien on the land and be

---

[1] The court also stated that other meanings of the word "owned" may be recognized from the context in which the word is used. 1 OTR at 258.

detrimental to the legal owner, the vendor. This argument overlooks the fact that all taxes on land are liens against the land under ORS 311.405, and failure to pay them could result in a foreclosure of both the vendor's and the vendee's interest.

■ The emphasis throughout all the statutes relating to special assessment of farm properties is on the land and its use as a farm, not on its ownership. The primary qualification is that the land be devoted to farm use. ORS 308.370 states that "any land" which has been devoted to farm use is entitled to the special assessment. It also refers to the "entitlement of farm land" to the special assessment. (Moreover, ORS 308.345, while it is not directly applicable to this case, defines a prudent investor for farm use as "a person who *purchases* agricultural lands." (Emphasis supplied.)

■ For several years legislators and others have been concerned about the effect of expanding metropolitan areas, increased population and industrial growth on farm values and income. These factors have raised many questions regarding the valuation and taxation of farm properties and resulted in the enactment of ORS 308.345 to ORS 308.395, which refer to the special assessment of zoned and unzoned farm lands. To deny the right to claim the special assessment to a farmer who is purchasing the property under an executory contract because he is not the fee owner would emasculate the obvious intention of the legislature to emphasize the use of the property as a farm as the primary requirement for the special assessment. Furthermore, tax consequences may prevent many vendors of farms from selling for cash. It would be difficult to justify a denial of a special assessment to a farmer who was required to purchase

his farm on an installment contract and allow it to his neighbor who paid cash for his farm. Moreover, the owners of the fee could be absentee owners with no knowledge of or interest in farming and only concerned with the installment payments being made as required by the contract.

■ An examination of the statutes ORS 308.345 to ORS 308.395, relating to the valuation and assessment of farm lands in this state plus practical considerations, make it clear that the plaintiffs as purchasers under an executory contract are entitled to claim the special assessment for farm use of their land.

The order of the commission is set aside.