## NARY and another vs. HENNI.

MECHANIC'S LIEN: PLEADING: AMENDMENT: TRUST. *Whether certain averments show that defendant, as bishop, holds certain church property in trust.*

1. In an action against H. to enforce a mechanic's lien upon a church edifice, where the complaint alleged that H. was owner in fee of the property and had contracted with plaintiffs for the erection of the edifice, an amendment of the summons and complaint was allowed, so as to describe H. as "bishop of the diocese of Milwaukee," and allege that such diocese is a part of the religious organization known as the Roman Catholic Church; that as such bishop he was and is seized of the real property belonging to said religious organization in said diocese, etc.; and that as such bishop he entered into said contract, and accepted the work as performed, etc. *Held,* that the amendments do not show any trust declared in respect to such property in H. as bishop; nor can it be presumed that the diocese of Milwaukee is a body corporate capable of becoming the *cestui que trust;* nor does it appear that H., bishop, etc., is a corporation sole, in whom and his successors the property is vested either for their own use or in trust.

2. The designation of H. as bishop, etc., is therefore a mere *descriptio personæ,* and the amendments were properly allowed.

3. Whether, if the amendments placed H. in the attitude of a trustee of the property in question, they would not work a substantial change in the cause of action, *quære.*

APPEAL from the Circuit Court for *Fond du Lac* County. Action to establish and enforce a mechanic's lien. The original complaint alleged that in July, 1875, plaintiffs entered into a contract with defendant to do the mason and brick work of a certain church edifice which defendant was then building on certain specified lands in the city of Fond du Lac; that defendant agreed to pay them for such brick and cut-stone work at certain rates; that plaintiffs did work to an amount and value specified; that the building, and said lands on which it is situate, were and are owned by defendant in fee; that plaintiffs filed their claim for a lien within the time prescribed by statute, etc. Judgment was therefore demanded against defendant personally for the amount due, with a further judgment declaring plaintiff's lien upon said building, and upon

defendant's right, title and interest in the premises, etc. The answer was a general denial.

After the cause had been continued over two terms, and had been put on the calendar of the third term for trial, the court allowed an amended complaint to be filed. This designates the defendant, in the title of the cause, as "Bishop of the Diocese of Milwaukee," and alleges, *inter alia*, that during all the times mentioned in the complaint he was, and still is, bishop of the diocese of Milwaukee, in this state, belonging to and being a part of a religious organization known as the Roman Catholic Church, and as such bishop then was and still is seized of all the real property belonging to the said religious organization in his said diocese of Milwaukee, and more particularly of all the premises upon which a lien is here claimed; and that defendant, as such bishop, by his agents, entered into the contract with plaintiffs described in the complaint, accepted the work done by plaintiffs, refused to pay the balance alleged to be due therefor, etc. Judgment is demanded against defendant as such bishop, and that a lien be declared and enforced against such building, and the right, title and interest of defendant, as such bishop, in the premises. The court made an order allowing the amendments, with a corresponding amendment of the summons, and giving defendant sixty days to answer or to appeal from the order. Defendant appealed from the order.

*E. S. Bragg*, for appellant, argued that the amendment so called, changed the action from a personal one against *John Martin Henni*, to an action against " the bishop of the diocese of Milwaukee;" changed the contract alleged from one with said *Henni* to one with said bishop; changed the allegation as to the title of the property sought to be specifically charged, averring it to be in a new party; changed the relief asked from a judgment of a personal character to one against a " trustee " or " corporation sole;" brought a party before the court against whom no process had ever been issued or served; and dismissed from the court, without costs or judgment, a party who, it now appears, was improperly sued and has been

unjustly put to expense. This is not an amendment, but an arbitrary substitution. *Johnson v. Filkington*, 39 Wis., 67; *Board of Supervisors v. Decker*, 34 id., 378; *Coffing v. Tripp*, 1 How. Pr., 115; *Van Syckels v. Perry*, 3 Rob., 621; *Davis v. Mayor*, 14 N. Y., 514, per DENIO; *Shuler v. Meyers*, 5 Lans., 170; *Willink v. Renwick*, 22 Wend., 608; *Jackson v. Murray*, 1 Cow., 156; and cases cited in note 2, Appendix to 5 Wis., p. 628, Dixon's ed.

For the respondent, there was a brief by *C. A. & A. B. Eldredge*, and oral argument by *A. B. Eldredge*. They contended that the amendment made no change in the cause of action, the action being still upon contract, and to enforce a mechanic's lien upon certain property (Dixon's notes to 5 Wis., p. 628, and cases there cited; *Board of Supervisors v. Decker*, 34 Wis., 380); and that there was no substitution of one defendant for another; that the words "bishop of the diocese of Milwaukee" were merely *descriptio personæ*; and that any other construction of the amendment would change the action into a personal action against a trustee as such — a thing impossible. Hill on Trustees, ch. IV, sec. II, pp. 546–8.

ORTON, J. This is an appeal from the order allowing amendments to the complaint, changing the title of the defendant by adding the words: "Bishop of the Diocese of Milwaukee," and correspondingly changing the averments as to the contract and title of the property.

If it were clear that these amendments placed *John Martin Henni* in the attitude and capacity of a trustee, there might be some question whether they did not work a substantial change of the cause of action; and yet they do not appear to make a greater change in this respect than was allowed in *Lackner v. Turnbull*, 7 Wis., 105, where a complaint for work, labor and materials was changed into one to enforce a mechanic's lien.

But these amendments do not place the defendant in the capacity, or charge him with the responsibilities, of a trustee. They fail to state the necessary facts to make him a trustee

To make him such, there must be some trust declared, and there must be certainty of object as well as subject of the trust, and there must be *cestui que trusts* or beneficiaries, capable of receiving the benefits of the trust.

It cannot be presumed that the diocese of Milwaukee is a body corporate, capable of receiving and enforcing the benefits of the trust; and the object and uses of the trust, if it be one, are left to conjecture. Hill on Trustees, 71 and 52; *Goodrich v. The City of Milwaukee*, 24 Wis., 422.

If the amendments do not change the character of the defendant, as a person acting for himself, and give him some other character or capacity, and fully place him in fiduciary and representative relations to the subject matter of the action, they are not material, and are mere surplusage. If it is contended that the amendments make the defendant a corporation sole, they fall equally short of stating such facts as would make him such corporation sole, in whom the property is vested and in his successors, personally and for their own use and benefit in office, as in England in the king, a bishop or parson, or in whom and his successors it is vested in *trust*. In either case, the natural person is merged in the artificial person, and the corporation must have been either created or recognized by law, in order to have any existence as such; and in the latter case, in addition to a legal incorporation, the trust must be declared, with its uses, powers and objects, and be capable of being enforced in equity on behalf of the *cestui que trust*. Angell and Ames on Corp., § 26.

It follows that this designation of the defendant as " Bishop of the Diocese of Milwaukee " should be treated as *descriptio personæ*, and the amendments were properly allowed.

*By the Court.* — The order of the circuit court is affirmed. with costs.

RYAN, C. J., took no part.