KATZER, Archbishop, etc., Respondent, vs. CITY OF MILWAUKEE and another, Appellants.

*June 7 — September 26, 1899.*

*Taxation: Exemptions: Property of religious associations: Parsonage: Land held by archbishop: Trusts and trustees: Judicial notice.*

1. Statutes exempting property from taxation are to be strictly construed, and if the meaning of such a statute is fairly ambiguous or uncertain as to a specific piece of property or owner, it is the duty of the court to resolve the doubt in favor of the taxability of the property.

2. A parsonage to be exempt from taxation under subd. 3, sec. 1038, Stats. 1898, unless rented, must be owned by the religious association, just as much as its church building or other real estate.

3. Land conveyed to an archbishop of the Roman Catholic church by a deed running to him as an individual, without official or fiduciary designation, is *prima facie* owned by him absolutely.

4. The facts that such land was purchased by the diocesan officers with funds of the diocese as a residence for the archbishop, and that it was customary in such cases to take the conveyance to the archbishop individually, and his testimony that he held the property in fee simple according to the laws of the church; that he made no claim to any individual ownership, but held it in trust for the diocese; and that he is required to devise it to his successor — are *held* insufficient to show any legally enforceable trust for a religious association.

5. Courts will not take judicial notice of the "laws of the Roman Catholic church."
·6. Although sec. 2001—10, Stats. 1898, recognizes the bishop as the only trustee of each Roman Catholic church in his diocese, sec. 2000 does not create any statutory trust in property held by him, because in the former section the latter is expressly declared to be inapplicable to said church.

APPEAL from a judgment of the circuit court for Milwaukee county: FRANK M. FISH, Judge. *Reversed.*

In 1892 the diocesan officers purchased with funds of the diocese a certain block in Milwaukee as a residence for plaintiff, who is archbishop of the diocese of Milwaukee, and took conveyance, as is customary, to the plaintiff individually. The premises are used as his residence, but also contain accommodations for his assistant officers, and various functions needing his personal presence are held there. Plaintiff testified that he held the property in fee simple according to the laws of the church; that he made no claim to any individual claim or ownership, but held it in his name for the diocese; and that he is required to devise it to his successor; also that he is chief pastor of the diocese. Taxes have been assessed on the premises in question for 1892, 1893, and 1894. Plaintiff prays adjudication that the premises are exempt and the taxes void. The circuit court so adjudged, and the defendants appeal.

For the appellants there was a brief by *Carl Runge*, city attorney, and *C. H. Hamilton*, of counsel, and oral argument by *Mr. Hamilton*. They argued, among other things, that where the legal title is in an individual, the fact that the property may be used for church purposes does not exempt it from taxation. *People ex rel. Rorke v. Board of Assessors*, 32 Hun, 457; *Humphries v. Little Sisters*, 29 Ohio St. 201; *St. Peter's Church v. Scott Co. Comm'rs*, 12 Minn. 395; *People ex rel. Swigert v. Anderson*, 14 Am. & Eng. Corp. Cas.

372. Unless the statute expressly exempts a parsonage it cannot be exempted on the theory that is a part of the property of the church. *Vail v. Beach,* 10 Kan. 214; *Ramsey Co. v. Church of Good Shepherd,* 45 Minn. 229. In order to create a legal trust there must be a *cestui que trust* capable of taking property, and, the archdiocese not being a legal person, the alleged secret trust is invalid. Tiedeman, Real Prop. § 445; Lewin, Trusts, 44; Hill, Trustees, 52. A trust is void when the beneficiary is uncertain. *Heiss v. Murphey,* 40 Wis. 276; *Ruth v. Oberbrunner,* 40 Wis. 238; *Webster v. Morris,* 66 Wis. 366; *German L. Asso. v. Scholler,* 10 Minn. 331; *Nary v. Henni,* 45 Wis. 473. Use and occupation must combine in the same association to effect exemption. *Milwaukee v. Milwaukee Co.* 95 Wis. 424; *Laurent v. Muscatine,* 59 Iowa, 406.

For the respondent there was a brief by *Wigman & Martin,* and oral argument by *P. H. Martin.* They contended, *inter alia,* that the *use* to be made of the property is the primary if not the only reason for the exemption. *Gray v. La Fayette Co.* 65 Wis. 567; *Hebrew F. S. Asso. v. New York,* 4 Hun, 446; *Trustees of P. E. Academy v. Exeter,* 58 N. H. 306, 42 Am. Rep. 589; *Gerke v. Purcell,* 25 Ohio St. 229; *Humphries v. Little Sisters,* 29 Ohio St. 207; *Laurent v. Muscatine,* 59 Iowa, 404; *Washburn College v. Shawnee Co. Comm'rs,* 8 Kan. 344; *St. Mary's College v. Crowl,* 10 Kan. 442; *Vail v. Beach,* 10 Kan. 214. The trustee of a trust resting in parol is morally bound to recognize and execute such trust. *Main v. Bosworth,* 77 Wis. 660; *Begole v. Hazzard,* 81 Wis. 274; *Karr v. Washburn,* 56 Wis. 303; *First Nat. Bank v. Bertschy,* 52 Wis. 438; *Coddell v. Blumer,* 41 Wis. 436; *Bancroft v. Curtis,* 108 Mass. 47; *Schreyer v. Scott,* 134 U. S. 405; *Randall v. Constans,* 33 Minn. 334; *Foote v. Bryant,* 47 N. Y. 544. The fact that the religious association known as the archdiocese of Milwaukee is, and ever since the purchase of the property has been, in the full, complete,

exclusive, and unquestioned possession and enjoyment of the property, takes the case out of the operation of the statute. *Larsen v. Johnson,* 78 Wis. 300; *Cutler v. Babcock,* 81 Wis. 195; *Wall v. Minneapolis, St. P. & S. S. M. R. Co.* 86 Wis. 48; *Bartz v. Paff,* 95 Wis. 95; sec. 2305, R. S. 1878. Respondent's complaint duly verified is a sufficient recognition and declaration of the trust to satisfy the statute. *Patton v. Chamberlain,* 44 Mich. 5; *Whiting v. Gould,* 2 Wis. 552; 27 Am. & Eng. Ency. of Law, 34. The association being regularly organized, having definite territorial limits and membership and duly appointed and elected officers, and the rights of the members resting on mutual compact and assent yielded to the rites and canons of the church, as to such rights the members may sue and be sued, and courts will protect and enforce the rights and remedies of the entire membership as effectually as they do those of an individual. *Sheehy v. Blake,* 72 Wis. 411; *Fadness v. Braunborg,* 73 Wis. 257; *Mannix v. Purcell,* 46 Ohio St. 102, 15 Am. St. Rep. 562; *Brown v. Stoerkel,* 74 Mich. 269; *Lafond v. Deems,* 81 N. Y. 507; *Hyde v. Woods,* 94 U. S. 523; *Heiss v. Vosburg,* 59 Wis. 532; *Curd v. Wallace,* 7 Dana, 190, 32 Am. Dec. 85. The use of the premises as a residence for the pastor of the diocese wherein he is discharging the functions of his office is a use strictly for the purpose of the association. *Trustees of Griswold College v. State,* 46 Iowa, 275, 26 Am. Rep. 138; *Ramsey Co. v. Macalester College,* 51 Minn. 437; *State v. Ross,* 24 N. J. Law, 497.

The following opinion was filed June 22, 1899:

DODGE, J. In view of the conclusion which we have reached in this case, it is quite immaterial and unnecessary to decide whether the premises in question are in the category of "real estate necessary for the location and convenience of the buildings of a religious association," or constitute a "parsonage."

Subd. 3, sec. 1038, Stats. 1898, whereon rests the exemption of church property from taxation, has been more than once construed by this court, and some of the uncertainties result‐ ing from its language removed. In *Green Bay & M. C. Co. v. Outagamie Co.* 76 Wis. 591, it was held that the words " owned by any religious association, and used exclusively for the purposes of such association," which, by their imme‐ diate context, might be confined to the personal property, are not so confined in their application, but extend to the real property as well. The parsonage is exempted by the same sentence, and no reasons of construction can be urged why, if the word " owned " extends and applies to the real property, it does not also extend and apply to the parson‐ age. Indeed, the intention of the legislature to that effect is even stronger in the case of parsonages, for they have *ex industria* added to the exemption such parsonages as are rented, which would, of course, be wholly unnecessary if ownership were not otherwise required. This extension of the exemption to rented parsonages has also been construed in *Gray v. La Fayette Co.* 65 Wis. 567, to require that the renting shall be by the association, so that a parsonage rented by the pastor would not fall within it. It is there‐ fore clear that the real estate necessary for the location and convenience of the buildings of such association, and em‐ bracing the same, not exceeding ten acres, and the parson‐ age, in order to be exempt, must be owned by and used exclu‐ sively for the purposes of such association. The extent of title required by the word " owned " has received construc‐ tion but once by this court, and that in the case of *Milwau‐ kee v. Milwaukee Co.* 95 Wis. 424, in which it was decided that lands held for park purposes under an option, upon which part of the purchase price had been paid, and to con‐ veyance of which the city would have a right on completing payment, were not *owned* in the sense of the statute.

All of these decisions are in line with the unquestioned

duty of courts in construing statutes exempting property from taxation. Such statutes conferring special privileges and in derogation of the sovereignty exercised over other property are to be strictly construed. If the meaning of such statute is fairly ambiguous or uncertain as to a specific piece of property or owner, it is the duty of courts to resolve the doubt in favor of the taxability of the property. It is for the legislature to grant these special privileges, and it has always been held that courts will proceed upon the assumption that whatever the legislature intends to exempt will be expressed in such clear language as to leave no doubt, and that what has been left doubtful is not intended to be exempted. *Weston v. Shawano Co.* 44 Wis. 242, 256; *West Wis. R. Co. v. Trempealeau Co.* 93 U. S. 595, 598; Cooley, Taxation, 205. Whatever our own opinion of general or specific policy may be is of no importance. The court is not vested with power to exempt from taxation, and is bound to enforce the tax laws of the state against all property and persons whom the legislature has not in unambiguous terms exempted therefrom.

The property in question is *prima facie* owned absolutely by an individual. It is conveyed by warranty deed to the plaintiff, with no intimation that such conveyance is due to his place or office, and ostensibly at least is as absolutely owned by him as the private property of any other individual. *Laurent v. Muscatine*, 59 Iowa, 404, 406. We are, however, urged to recognize the fact that, by what is called by the plaintiff and his counsel the "laws of the Roman Catholic church," he holds that property upon some trust. What that trust is is not at all defined in the evidence further than that he declares that he holds it in trust for the diocese and to devise it by will to his successor. Meanwhile, of course, in law at least, it is entirely subject to conveyance or incumbrance by him, and to his absolute control. Courts can recognize only rights which are regulated and

established by law. The obligation of one who holds for another must rest upon and be enforceable by the law; and, however strong may be such obligations *in foro conscientiæ*, they are of no force to establish rights or ownership in any other than him who holds the legal title. That the title of the bishop of the Roman Catholic church is not a mere empty trust title, but is as absolute in law as it is in terms, has already been decided by this court, at the suit of the bishop himself, in the case of *Heiss v. Vosburg*, 59 Wis. 532, where a religious association occupying a church, title to which was in the bishop, sought to exercise acts of ownership and control contrary to his judgment. He invoked the aid of the court, and was accorded it, upon the theory, contended for by him, that his title was that of absolute owner, and that this church society was as much a trespasser as would be any stranger in interfering with his control thereof against his objection. It may well be that in the wisdom of the governing body of the Catholic church it has been deemed necessary to its policy that titles should be so held by the bishops, and full freedom is accorded them by the law to exercise their own judgment in that respect. But the privileges thereby secured of ease in transfer and absolutism of control must be accepted with such burdens as the legislature imposes upon other property so owned.

It is suggested by counsel that by reason of the recognition of the bishop by sec. 2001—10, Stats. 1898, as the only trustee of each Roman Catholic church in his diocese, sec. 2000 takes the case out of the ordinary statutes with reference to parol trusts, and creates a statutory trust for religious associations in the property held by him. His authority is *Fadness v. Braunborg*, 73 Wis. 257. Counsel overlooks, however, that in the act conferring special and peculiar privileges of organization and incorporation upon Roman Catholic churches, and in the very section recognizing the bishop as such only trustee, the Roman Catholic societies

are expressly exempted from the effect of all the other pro-
visions of ch. 91, Stats. 1898, inclusive of sec. 2000.

Respondent further urges that the obstacles to a parol
trust are overcome by the declarations of the complaint.
The only declaration of any trust therein is that plaintiff
"holds the same in trust for said diocese." Waiving other
considerations, this declaration fails wholly to show either
a trust (*Heiss v. Murphey*, 40 Wis. 276) or a beneficiary
(*Nary v. Henni*, 45 Wis. 473). We may search the evidence
in vain for proof that the diocese is anything more than a
geographical district, or that it designates a class of ascer-
tained or ascertainable individuals, who, as such, might be
beneficiaries, as in *Fadness v. Braunborg*, 73 Wis. 257; or
that it has any purposes, charitable or otherwise, to legiti-
mate an express trust. If such facts exist, they are not
proved in this case and cannot be considered. Courts have
judicial knowledge of the laws of the land, but not of the
"laws of the Catholic church." *McHugh v. McCole*, 97 Wis.
166.

We are unable to find in the record of this case any facts
to overcome the completeness of the legal title of the plaint-
iff as an individual to the property in question, or to estab-
lish ownership thereof by a religious association, and are
constrained to hold that it is not exempt from taxation.

*By the Court.*— Judgment reversed, and cause remanded
with directions to dismiss the complaint.

The following opinion was filed September 26, 1899:

DODGE, J. To allay the apprehensions expressed by re-
spondent's counsel in their argument for a rehearing, it is
deemed advisable to assure them that the court certainly
did not decide that a church building or a parsonage, suffi-
ciently proved to be held by the bishop upon an enforceable
trust for a religious association, corporate or incorporate,

though the conveyance to him were absolute in form, might not be exempt from taxation; for no such question was presented nor at all considered. The propositions decided were few and simple: (1) That a parsonage, to be exempt, unless rented, must be owned by the religious association, just as much as must its church building or other real estate; (2) that a deed like that in question, running to an individual without official or fiduciary designation, *prima facie* conveyed absolute title to him; and (3) that in this case no sufficient proof was made of any legally enforceable trust for a religious association,— without deciding whether such trust might be proved had the evidence offered been sufficient, or whether, if so proved, it would constitute such ownership by the society as to secure exemption from taxation. If such equitable title be provable at all, the latter question might well turn on whether, by the terms of the trust, the control over the use and title of the property was sufficiently complete to constitute practical ownership by the association, or was so restricted as to leave such practical ownership in the holder of the legal title. We are entirely satisfied of the correctness of the conclusions reached, and find no reason for reconsidering the questions decided in this case.

*By the Court.*— Motion for rehearing is denied, with $25 costs.