UNIVERSITY OF WISCONSIN LA CROSSE FOUNDATION, INC.,
Plaintiff-Appellant,†

v.

TOWN OF WASHINGTON, and La Crosse County,
Defendants-Respondents.

Court of Appeals

*No. 93–1163. Oral argument December 17, 1993.—Decided
February 24, 1994.*

(Also reported in 513 N.W.2d 417.)

†Petition to review denied.

For the plaintiff-appellant the cause was orally argued by *Terence R. Collins* and submitted on the briefs of *Terence R. Collins* and *Thomas E. Knothe* of *Cameron, Collins & Quillin, Ltd.,* of La Crosse.

For the defendant-respondent Town of Washington the cause was orally argued and submitted on the brief of *Darrel A. Talcott* of West Salem.

For the defendant-respondent La Crosse County the cause was orally argued and submitted on the brief of *David L. Lange*, assistant corporation counsel, of La Crosse.

Before Eich, C.J., Dykman and Sundby, JJ.

SUNDBY, J.  The University of Wisconsin—La Crosse Foundation, Inc. (Foundation) owns eleven parcels of real estate in the Town of Washington, La Crosse County, where it maintains an arboretum and nature center known as "Norskedalen." Section 70.11(20), STATS., exempts from general property taxes real and personal property owned and used as is Norskedalen. However, § 70.11(20) provides that the "exemption afforded by this subsection shall not be granted unless and until the county board of the county in which such property is located has approved thereof."

The La Crosse County Board denied the Foundation's application for approval of tax-exempt status for

Norskedalen. The Foundation paid its 1991 real estate taxes on Norskedalen under protest and brought this action seeking a refund of those taxes and a declaration that Norskedalen is exempt from general property taxes under § 70.11(20), STATS.

The circuit court dismissed the Foundation's action because the county board had not approved the exemption. We conclude that the circuit court reached the right result but for the wrong reason.[1] We therefore affirm the circuit court's order.

The delegation of power to the county board in § 70.11(20), STATS., to approve or disapprove a property tax exemption violates the Wisconsin Constitution in several respects. First, the power to grant tax exemptions is vested solely in the legislature under article IV, section 1 of the Wisconsin Constitution. Second, the power to grant a tax exemption is not a "power[ ] of a local, legislative and administrative character" which the legislature may delegate to a county board under article IV, section 22 of the Wisconsin Constitution. Finally, § 70.11(20) violates the uniformity clause, WIS. CONST. art. VIII, § 1. We further conclude that that part of § 70.11(20) which requires the county board to approve the tax exemption granted thereunder cannot be severed from the remainder of the statute to preserve its constitutionality.

Section 70.11(20), STATS., provides that property exempted from general property taxes consists of:

> All real and personal property owned by or held in trust for any nonprofit organization and used for

---

[1] We will not reverse the circuit court's opinion where we determine that its decision was correct but was made for the wrong reason. *See State v. Alles*, 106 Wis. 2d 368, 391, 316 N.W.2d 378, 388 (1982).

the purposes of preserving the native wild plant or animal life, or Indian mounds or other works of ancient persons, or geological or geographical formations of scientific interest, or such part thereof as shall be held or used for such purpose, provided that such property is open to the public subject to reasonable restrictions and no pecuniary profit results from the use or holding or otherwise from any real or personal property herein exempted to any individual owner or member thereof or any associate of any owner or member. *The exemption afforded by this subsection shall not be granted unless and until the county board of the county in which such property is located has approved thereof.* [Emphasis added.]

The parties dispute the meaning of the emphasized language. The Foundation asserts that if that language is construed to give the county board discretion to grant or deny a tax exemption, the statute is unconstitutional. However, it argues that there is an alternative construction of the statute which results in constitutionality rather than invalidity and that we must adopt such a construction. *State ex rel. Lynch v. Conta*, 71 Wis. 2d 662, 689, 239 N.W.2d 313, 332 (1976). The Foundation contends that we may conclude that the function of the county board under § 70.11(20), STATS., is merely fact-finding: i.e., to determine whether the statutory qualifications for exemption exist. These qualifications include that the real and personal property must be owned by or held in trust for a nonprofit organization, be used for specified purposes, be open to the public, and not be used for profit. The Foundation analogizes the function of the county board under § 70.11(20) to that of the State Historical Society under § 70.11(13m). Under the latter provision, an archaeological site and contiguous land are

exempted from general property taxes if identified by the society under § 44.02(23), STATS.

We do not believe that the construction of § 70.11(20), STATS., the Foundation urges is open to us. The plain language of the statute requires that the county board approve any exemption thereunder before it shall be granted. The last sentence reads: "The exemption afforded by this subsection shall not be granted unless and until the county board of the county in which such property is located has approved *thereof.*" (Emphasis added.) The Foundation's argument assumes that "thereof" refers to "such property" as meets the legislative standards. However, the reference to "such property" simply identifies its location; the approval which must be obtained by the taxpayer is the approval of the county board "of the county in which such property is located." The rules of sentence construction require that we conclude that the word "thereof" refers to "[t]he exemption afforded by this subsection . . . ."

We next consider whether § 70.11(20), STATS., as written is constitutional. The Wisconsin courts have uniformly held that the grant of tax exemptions is for the legislature. "Tax exemptions are matters of legislative grace . . . ." *Wisconsin Elec. Power Co. v. DOR*, 59 Wis. 2d 106, 110, 207 N.W.2d 841, 843 (1973). In *Katzer v. City of Milwaukee*, 104 Wis. 16, 21, 79 N.W. 745, 746 (1899), the court said:

> Such statutes conferring special privileges and in derogation of the sovereignty exercised over other property are to be strictly construed. If the meaning of such statute is fairly ambiguous or uncertain as

to a specific piece of property or owner, it is the duty of courts to resolve the doubt in favor of the taxability of the property. *It is for the legislature to grant these special privileges,* and it has always been held that courts will proceed upon the assumption that whatever the legislature intends to exempt will be expressed in such clear language as to leave no doubt, and that what has been left doubtful is not intended to be exempted. [Emphasis added.]

The power of the legislature to grant tax exemptions is founded on article IV, section 1 of the Wisconsin Constitution, which provides: "The legislative power shall be vested in a senate and assembly." The Town argues that the Wisconsin Supreme Court "has been quite careful to uphold the authority of the legislature to delegate its authority under Article IV, Section 1 of the Wisconsin Constitution." It cites *State ex rel. Carey v. Ballard,* 158 Wis. 251, 257, 148 N.W. 1090, 1091 (1914), where the court stated that under our constitutional form of government, it is well recognized that local governments "form necessary parts of the state government for carrying into effect ... matters pertaining to local governmental affairs, including the power to tax within their respective jurisdictions." However, it is one thing for the legislature to confer on local governments the power to levy taxes and quite another for the legislature to delegate to local governments the power to determine what will be taxed. The latter power has always been considered the exclusive prerogative of the legislature. *See Thompson v. Kenosha County,* 64 Wis. 2d 673, 684, 221 N.W.2d 845, 851 (1974) (" 'The legislature has plenary power over the whole subject of taxation. It may select the objects

therefor . . . .' " (quoting *State ex rel. Thomson v. Giessel*, 265 Wis. 207, 213, 60 N.W.2d 763, 766 (1953)).

■

We next consider whether the power to approve or disapprove a tax exemption is of a local, legislative and administrative character which the legislature may delegate to a county board pursuant to article IV, section 22 of the Wisconsin Constitution.[2] We conclude that it is not. The word "local" in article IV, section 22 modifies the words "legislative . . . character." *Muench v. Public Serv. Comm'n*, 261 Wis. 492, 53 N.W.2d 514, *aff'd on reh'g*, 261 Wis. 515b, 515c, 55 N.W.2d 40, 41 (1952). In *Muench*, the court said that without that modification "the legislature would be free to delegate such powers to county boards as that of regulating the transfer and descent of property, regulating domestic relations, or providing for elections of county or state officials." *Muench*, 261 Wis. 515c, 55 N.W.2d 41. To that list, we would add the power to determine what property shall be taxable.

■

Finally, if the power to determine what property shall be taxable may be delegated to the county boards, the requirement of uniformity of taxation imposed by article VIII, section 1 of the Wisconsin Constitution, may be violated.[3] The same type of property could be taxed in one county and in another county exempted,

[2] WIS. CONST. art IV, § 22 provides: "The legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe."

[3] WIS. CONST. art. VIII, § 1 provides in part: "The rule of taxation shall be uniform but the legislature may empower cities, villages or towns to collect and return taxes on real estate located therein by optional methods."

depending upon the grace of the county board. Under a similar constitutional uniformity requirement, the Michigan Court of Appeals noted that county and state uniformity would be impossible if a statute exempting certain housing projects were construed to authorize a local governing body to grant or withhold exemption. *Lexington Townhouses Coop. v. City of Warren*, 189 N.W.2d 138, 141 n.3 (Mich. Ct. App. 1971).

■

At oral argument we questioned whether we may preserve § 70.11(20), STATS., by severing its last sentence. *See Wisconsin Wine & Spirit Inst. v. Ley*, 141 Wis. 2d 958, 971-72, 416 N.W.2d 914, 920 (Ct. App. 1987). That language was added by amendment; the legislative history of the statute shows that the legislature would not have granted the tax exemption without the amendment. 1939 S.B. 387, Amendment A. We therefore conclude that we cannot save the statute by severing the language added by amendment. We see no escape from the conclusion that § 70.11(20) is unconstitutional.

*By the Court.*—Order affirmed.