Mary FAYDASH, Plaintiff-Appellant,

v.

CITY OF SHEBOYGAN, Defendant-Respondent.

Court of Appeals

*No. 2010AP2073. Submitted on briefs November 24, 2010.*
*—Decided March 2, 2011.*

2011 WI App 57

(Also reported in 797 N.W.2d 540.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Anthony J. Resimius* of *Rohde Dales LLP*, Sheboygan.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Charles C. Adams*, assistant city attorney, Sheboygan.

Before Brown, C.J., Anderson and Reilly, JJ.

¶ 1. ANDERSON, J. The City of Sheboygan levied a tax on the personal property located within Mary Faydash's Sheboygan home for tax year 2008. After Faydash filed a complaint claiming that the levy of the personal property tax was unlawful, the City filed a motion for summary judgment. The circuit court granted the City's motion, holding that Faydash did not meet her burden to prove that her property qualified as exempted from taxation. We affirm.

## Facts

¶ 2. In March 2006, Faydash purchased a single-family home in the City of Sheboygan. In 2006, Faydash furnished the home with her personal property, and it was used only by Faydash and her family that year.

¶ 3. In 2007 and 2008, Faydash rented the home on some limited dates. There were sixteen overnights where the home was rented out in 2008. For the dates on which the home was not rented, the home was available for Faydash and her family to use. For the years 2006, 2007 and 2008, Faydash and/or her family used the home and the personal property in the home for their personal use at least three months during each year. The same personal property is kept in the home for the entire year.

¶ 4. The personal property located within the home was assessed by the City for tax year 2008, and the City levied an approximate tax of $625 on the personal property located in the home. Faydash made payment of the personal property tax under protest and served the City with a Claim to Recover Unlawful Tax on Personal Property pursuant to WIS. STAT. § 74.35 (2009–10).[1] The City took no action on Faydash's claim. Thereafter,

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

Faydash filed a complaint in the circuit court stating that the personal property was kept for personal use, that the personal property was exempt by law from taxation, and that the levy of the personal property tax was an unlawful tax. The City filed a motion for summary judgment. Faydash filed a response brief and also sought summary judgment.

¶ 5. The circuit court granted the City's motion for summary judgment and dismissed Faydash's complaint with prejudice. The court said that in analyzing the facts and the arguments, it "had a lot of mixed feelings" including that "both [sides] set forth valid arguments."

¶ 6. The court said it was "key" that Faydash's home was advertised over the Internet and characterized the property as having "a commercial purpose." The court found ambiguity as to how the exemption under Wis. Stat. § 70.111 is to be applied. It noted that it had considered § 70.111 along with Wis. Stat. §§ 70.01 and 70.109 and that given the ambiguity, Faydash had failed to meet her burden of proof.

> But I think what's key in this case is that the property was advertised over the [I]nternet. It had a commercial purpose at that point. I think there is an ambiguity as to how the exemption is to be applied. And because it is ambiguous as to how it is to be applied, then the plaintiff would have failed to meet her burden. And for that reason, I'll grant summary judgment for the City.

Faydash appealed.

## Standard of Review

¶ 7. The construction of a tax exemption statute under a particular set of facts is a question of law that we review de novo. *FH Healthcare Dev., Inc. v. City of*

*Wauwatosa*, 2004 WI App 182, ¶ 18, 276 Wis. 2d 243, 687 N.W.2d 532. When interpreting a statute, our purpose is to discern legislative intent. *Village of Lannon v. Wood-Land Contractors, Inc.*, 2003 WI 150, ¶ 13, 267 Wis. 2d 158, 672 N.W.2d 275. To this end, we look first to the language of the statute as the best indication of legislative intent. *Id.* When confronted with an ambiguous statute, we may resort to extrinsic sources, such as legislative history[2] and case law to help uncover the statute's meaning. *See Richards v. Badger Mut. Ins. Co.*, 2008 WI 52, ¶¶ 29, 31, 309 Wis. 2d 541, 749 N.W.2d 581. Another way to ascertain the legislative intent underlying an ambiguous statute is to examine related statutes to see if they shed light on the legislature's intended application of the statute under examination. *See Edelman v. State*, 62 Wis. 2d 613, 619, 215 N.W.2d 386 (1974) ("[I]n the determination of legislative intent when there are several statutes relating to the same subject matter they should be read together and harmonized, if possible.").

■■

¶ 8. Finally, because exemption from the payment of taxes is an act of legislative grace, the party seeking the exemption bears the burden of proving entitlement. *Deutsches Land, Inc. v. City of Glendale*, 225 Wis. 2d 70, 80–81, 591 N.W.2d 583 (1999). In interpreting tax exemption statutes, we apply a "strict but reasonable construction." *Id.* at 80.

---

[2] We note that though we may use legislative history to assist us in interpreting an ambiguous statute, it does not assist us here because the legislature provided little if any history relating to the creation of subsection (1) of Wis. Stat. § 70.111. *See* 1949 Wis. Laws, ch. 63, § 2.

¶ 9. *Relevant Statutes:* WIS. STAT. § 70.111 addresses "Personal property exempted from taxation." Subsection (1) contains the statutory exemption at issue. Under subsection (1) the following property is exempt from general property taxes:

> (1) JEWELRY, HOUSEHOLD FURNISHINGS AND APPAREL. Personal ornaments and jewelry, family portraits, private libraries, musical instruments other than pianos, radio equipment, household furniture, equipment and furnishings, apparel, motor bicycles, bicycles, and firearms *if* such items are *kept for personal use* by the owner and pianos if they are located in a residence. (Emphasis added.)

¶ 10. WISCONSIN STAT. § 70.109 is a related statute and represents a codification of the exemption principal espoused by our supreme court in 1899, in the case of *Katzer v. City of Milwaukee*, 104 Wis. 16, 20–21, 79 N.W. 745 (1899). Section 70.109 states, in relevant part, that "[e]xemptions under this chapter shall be strictly construed in every instance with a presumption that the property in question is taxable, and the burden of proof is on the person who claims the exemption."

¶ 11. WISCONSIN STAT. § 70.11 is germane because the supreme court has explicitly found it useful in interpreting WIS. STAT. § 70.111. *See Wood-Land Contractors*, 267 Wis. 2d 158, ¶¶ 45–46. Section 70.11(4) states, in relevant part, that "[p]roperty owned and *used exclusively* by educational institutions . . . or by churches or religious, educational or benevolent associations, or by a nonprofit" is exempted from taxation. Sec. 70.11(4)(a) (emphasis added).

¶ 12. *Relevant Case Law:* The supreme court, in *Katzer*, 104 Wis. at 17, 20–21, addressed an archbishop's claim that his home was exempt from taxation under WIS. STAT. § 1038(3) (1898) (upon which rested the exemption of church property from taxation). The statute stated, in relevant part, that the following property was exempt from taxation:

> Personal property owned by any religious . . . or benevolent association, used exclusively for the purposes of such association, and the real property, if not leased or not otherwise used for pecuniary profit . . . and parsonages, whether of local churches or districts, and whether occupied by the pastor permanently or rented for his benefit. The occasional leasing of such buildings for schools, public lectures or concerts or the leasing of such parsonages shall not render them liable to taxation . . . .

*Id.*

¶ 13. In holding that the archbishop's property was not exempt from taxation, the supreme court noted that the

> property in question is *prima facie* owned absolutely by an individual. It is conveyed by warranty deed to the plaintiff, with no intimation that such conveyance is due to his place or office, and ostensibly at least is as absolutely owned by him as the private property of any other individual.

*Katzer*, 104 Wis. at 21.

¶ 14. The supreme court noted that "statutes conferring special privileges and in derogation of the sovereignty exercised over other property are to be strictly construed." *Id.* It stated that "[i]f the meaning of such statute is fairly ambiguous or uncertain as to a specific piece of property or owner, it is the duty of courts to

resolve the doubt in favor of the taxability of the property." *Id.* The court emphasized that it is for the legislature to grant these special privileges, and courts will proceed upon the assumption that "whatever the legislature intends to exempt will be expressed in such clear language as to leave no doubt, and that what has been left doubtful is not intended to be exempted." *Id.* The court then went further and stated that

> [w]hatever our own opinion of general or specific policy may be is of no importance. The court is not vested with power to exempt from taxation, and is bound to enforce the tax laws of the state against all property and persons whom the legislature has not in unambiguous terms exempted therefrom.

*Id.*

¶ 15. However, a century later, in *Deutsches Land,* the supreme court seemed to ease this inflexible approach by rejecting the notion that the term "exclusively" in the relevant statute brooked no exceptions. *See Deutsches Land,* 225 Wis. 2d at 83. The question in *Deutsches Land* was whether property owned by benevolent associations devoted to the preservation of German culture was entitled to exemption from property taxes under WIS. STAT. § 70.11(4) (1995–96), which stated, in relevant part, that "[p]roperty owned and *used exclusively* by . . . benevolent associations" is exempted from taxation. (Emphasis added.) *Deutsches Land,* 225 Wis. 2d at 76, 81. The City argued that Deutsches Land did not satisfy the "used exclusively" requirement of § 70.11(4) because Bavarian Waldhaus, Inc., a for-profit corporation created and owned by the benevolent associations to isolate their for-profit activities, used some of the property to host for-profit corporate picnics on approximately twenty occasions annu-

ally. *Deutsches Land*, 225 Wis. 2d at 77, 82. The circuit court held that the property was exempt. *Id.* at 79. The court of appeals reversed, holding that § 70.11(4) requires as a condition to the tax exemption it grants to benevolent associations that the property be used exclusively by those benevolent associations and not for profit. *Deutsches Land*, 225 Wis. 2d at 82. We stated that this condition is not ambiguous and that the term "exclusively" brooks no exception. *Id.* Even though the supreme court ultimately affirmed our decision, it disagreed with our reasoning and held that the term exclusively *does* allow for exceptions; it explained that the court of appeals inflexible and strict interpretation that "exclusively" brooks no exception would frustrate the "intent of the statute." *Id.* at 83, 102.

¶ 16. The supreme court made clear that there is "a legitimate distinction between use that is 'incidental to and promotive of the main purpose for which a building is primarily devoted and the permanent leasing of parts of the building for uses having no relation to the owner's principal purpose." *Id.* at 83–84.

¶ 17. In essence, the *Deutsches Land* court recognized the principle that "inconsequential or incidental uses of the property for gain" did not destroy an exemption calling for "exclusive" use. *See id.*; *see also Wood-Land Contractors*, 267 Wis. 2d 158, ¶ 45. It also recognized. that, in general, the relevant question is: "How consequential was the questionable activity when compared to the total activity on the property?" *Deutsches Land*, 225 Wis. 2d at 84. It concluded that this fact-specific question "can only be answered on a case-by-case basis." *Id.*

¶ 18. Four years later, in *Wood-Land Contractors*, a case involving a private land clearing company and the exemption of personal property under Wɪs. Sᴛᴀᴛ.

405

§ 70.111(20),[3] the supreme court picked up where it had left off in *Deutsches Land* by flexibly interpreting an ambiguous exemption statute. After establishing that § 70.111(20) requires a use of the equipment test, the supreme court remanded the case to the circuit court to determine which pieces of Wood-Land's equipment met the statutory use requirements. *See Wood-Land Contractors*, 267 Wis. 2d 158, ¶¶ 42–43. The supreme court candidly acknowledged that its holding appeared to "run contrary to the legislative directive that exemptions 'shall be strictly construed . . . with a presumption that the property in question is taxable . . . .' WIS. STAT. § 70.109." *Wood-Land Contractors*, 267 Wis. 2d 158, ¶ 47.

¶ 19. The supreme court went on to explain that "de minimis uses of [] property are not sufficient to invoke [the WIS. STAT. § 70.111] exemption." *Wood-Land Contractors*, 267 Wis. 2d 158, ¶ 46. The court deemed its holding the corollary to the principle it stated in *Deutsches Land* that "inconsequential or incidental uses of [] property for gain" by a benevolent organization did not destroy an exemption calling for "exclusive" use. *Wood-Land Contractors*, 267 Wis. 2d 158, ¶¶ 45–46.

¶ 20. Finally, in further explaining its *Wood-Land Contractors* holding, the supreme court stated that it was "impelled to [its] conclusion by the language of the statute" and emphasized that it "believe[d] that if the legislature intended to limit WIS. STAT. § 70.111(20) to the logging industry, it would have explicitly said so." *Wood-Land Contractors*, 267 Wis. 2d 158, ¶ 47. Signifi-

---

[3] WISCONSIN STAT. § 70.111(20) states that the following personal property is exempted from taxation: "LOGGING EQUIPMENT. All equipment used to cut trees, to transport trees in logging areas or to clear land of trees for the commercial use of forest products."

cantly, the supreme court also emphasized that when the legislature has intended to limit a subsection of § 70.111, it has explicitly said so in the language of that subsection: "We believe that if the legislature intended to limit Wis. Stat. § 70.111(20) to the logging industry, it would have explicitly said so, as it has done in several of the other subsections." *Wood-Land Contractors*, 267 Wis. 2d 158, ¶ 47. Therefore, the supreme court concluded, "[W]hat Wis. Stat. § 70.111(20) does not say is also significant when interpreting its meaning." *Wood-Land Contractors*, 267 Wis. 2d 158, ¶ 26.

## Discussion

■

¶ 21. Under the law as it has developed, the supreme court has interpreted an exception to exclusivity-type standards in tax exemption statutes. That exception is the "de minimus" or inconsequential use of otherwise tax-exempt property for "gain." Because the supreme court has mandated that "de minimus" use is permissible, we apply that policy choice to the statute at bar. Accordingly, the answer to the question—whether the statute's language "kept for personal use" explicitly limits the use of personal property *solely* to personal use—is no. *See* Wis. Stat. § 70.111(1).

¶ 22. Given that "kept for personal use" does not explicitly limit the use of personal property solely to personal use, the decisive question before us is: whether Faydash's rental property—available for rent year-round, yet rented in fact for sixteen days—is de minimus or inconsequential. The circuit court found that Faydash did not meet her burden of proof; she failed to establish that holding out her property for a commercial purpose was inconsequential. Under the specific facts of this case, we agree.

¶ 23. Faydash did not establish a pattern of de minimus commercial use. The record does not reveal that Faydash chose to limit her rental, it simply shows that she was able to find renters for sixteen days. The year-round advertising of her home for rent translates into a year-round availability of her home for commercial use. What if Faydash had found renters for many more dates? Then again, what if a homeowner's advertisement for rent explicitly limited available rental dates to a de minimus number of dates? In such a case, depending on all the facts, the property might be exempt under the statute. This is exactly why our supreme court recognized that these fact-specific questions "can only be answered on a case-by-case basis." *Id.* at 84. Under the facts of Faydash's case, her property is not exempt.

*By the Court.*—Order affirmed.